## FAUCHER v. GRASS ET AL.

1. **Appeal to Supreme Court:** APPELLANTS PARTING WITH THEIR INTEREST CANNOT PROSECUTE. Where plaintiff procured a decree restraining defendants from carrying on the blacksmithing business in a shop adjacent to his dwelling, and defendants appealed, but afterwards lost title to the shop through a sheriff's sale, *held* that they had no longer any standing in the appellate court to ask a review of the decree, and that the court would not review it for the purpose only of determining who should pay the costs in the lower court.

2. **Nuisance:** BLACKSMITH-SHOP NOT PER SE: DECREE MODIFIED. A blacksmith-shop is not a nuisance *per se;* and a decree declaring a cer-

tain shop to be a nuisance, and restraining its further use as such, should not go so far as to restrain the further use of the *lot*, on which the shop is situated, for such a shop.

*Appeal from Lucas District Court.*

FRIDAY, MARCH 23.

ACTION in chancery to enjoin defendants from carrying on the blacksmith business in a shop built and maintained near plaintiff's dwelling. After a trial upon the merits, a decree was entered as prayed for in plaintiff's petition.

*Mitchell & Penick*, for appellants.

*Stuart Bros.*, for appellee.

BECK, J.—I. The plaintiff, as a ground for dismissing the appeal in this case, shows that Gilbert, Hedge & Co. have acquired the absolute ownership of the blacksmith shop, by purchase at sheriff's sale, and that they do not claim the right to use it for the purpose of prosecuting therein the business of blacksmithing, and have no desire that the appeal shall be prosecuted for their benefit. The decree rendered by the court below restrains defendants from prosecuting the business of blacksmithing in the shop purchased by Gilbert, Hedge & Co., and upon the lot whereon the shop is situated. It appears, from the showing made by plaintiff, that defendants are deprived by the sale of the shop from prosecuting their business in it, without the assent of Gilbert, Hedges & Co., and that firm does not desire the continuance of the shop for blacksmithing purposes, nor claim the right to so use it, and do not desire to prosecute this appeal. The defendants now have no interest in the shop, which authorize them to prosecute the appeal, and thereby determine their right to continue their business in the shop. If they possessed such right, it has been lost by the sheriff's sale. We will not determine the case in order to settle the question of costs—the only subject

1. APPEAL to supreme court; appellants parting with their interest cannot prosecute.

now in the case in which defendants have an interest.   As defendants have lost the right they claimed to prosecute their business in the shop, they cannot now ask the court to deter-mine whether they did have such right.   The issues of the case are dead.   As the case cannot be tried in this court, we cannot determine that defendants should not pay the costs. By abandoning their right to appeal, as they did by parting with the property involved in the case, they cannot now in-sist that the decree should be in any respect changed as to the shop; the costs must stand against the defendants, who are required to pay them by the decree of the District Court.

II.   The decree of the court below enjoines defendants from prosecuting the business of blacksmithing in the shop, or upon the lot whereon the shop is situated.   It appears that the lot is owned by defendant, Grass, the shop alone being sold by the sheriff.   It is proper here to say a word as to the effect of the decree.   If a house or shop may be so constructed upon the lot wherein the bus-iness of blacksmithing may be carried on in such a manner as to cause no annoyance or injury to plaintiff, it ought not to be regarded as forbidden and enjoined by the decree of the court below.   The conclusion is based upon the ground that a blacksmith-shop is not a nuisance *per se*.   We know of no authority to the contrary.

2. NUISANCE: blacksmith-shop not per se: decree modified.

The shop may be so constructed with a view to deaden the noise of the anvil and other noises, the forges may be so placed, and the smoke and gases may be so conducted away, and the business may be so prosecuted, that the shop would not be regarded by the law as a nuisance.   This may be true of a blacksmith-shop erected on the site of the present shop, or at any other place upon the lots of the defendants.   The evi-dence does not show that a shop of the character indicated, wherein the business should be conducted so as not to annoy plaintiff, could not be constructed upon the lots.   Equity will not restrain further use of the lot for a smith's shops, if it may be used without proving to be a nuisance, upon the

ground that its past use was a nuisance. It will rather require the owner of the property to so construct or change the shop, and so prosecute his business, that no annoyance shall result therefrom to others. *Shiras v. Olinger et al.*, 50 Iowa, 571.

As defendants have lost the control of the shop declared by the District Court to be a nuisance, and its present owners propose to submit to that decree, there can be no controversy in regard to that shop in this court. And as defendants have no other shop upon the lot alleged to be a nuisance, and as we cannot be expected to lay down rules in this case to govern defendants in the use and occupancy of their lot, there are no questions in the case which we can determine.

The decree of the District Court will be modified, so that it shall operate to enjoin defendants, and those holding under them, from prosecuting the business of blacksmithing in the shop now upon the lot, or in any other shop that may be erected at that place. Plaintiff will pay the costs of this appeal, and defendants will pay costs of the court below.

MODIFIED AND AFFIRMED.