## STAUFFER ET AL. *v.* THE SALIMONIE MINING AND GAS COMPANY.

[No. 17,860.    Filed February 18, 1897.]

APPEAL.—*Rights in Controversy Abandoned by Appellant.—Dismissal.* —Where it appears that before the appeal of a cause that the actual controversy between the parties had been terminated, by the acts of the appellant, the appeal will be dismissed.

From the Blackford Circuit Court. *Appeal dismissed.*

*R. H. Hartford,* for appellants.

*John Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellee.

JORDAN, C. J.—Appellants, by a written contract executed in 1892, leased certain lands then owned by them to the appellee for the purpose of mining for oil

and natural gas for a period of ten years. They instituted this action to have said lease declared terminated and canceled, under the facts averred in the complaint. A demurrer by the appellee was sustained to the complaint and, appellants refusing to plead over, judgment for cost was rendered against them on February 5, 1895. From this judgment they appealed to this court, and filed a transcript of the proceedings below in the office of the clerk, on February 3, 1896. The first step taken by the appellee is the filing of a verified motion setting up facts in bar of the appeal, and demanding that the same be dismissed. The motion discloses the following facts: On May 29, 1895, appellants sold and conveyed the leased premises to one William C. Dudding, and on the same date assigned and transferred to said Dudding all of their right, title and interest in and to the lease in controversy. On September 7, 1895 they received and accepted from appellee under said lease all of the rents due to them from the time of its execution to said date. That after they assigned the lease to Dudding, he accepted and received from appellee all of the rent due to him under the lease, and all of the rent due to appellants, and their said assignee has been paid and accepted by them to July 1, 1896. On May 30, 1895, Dudding paid off and satisfied all cost adjudged by the lower court in this action against appellants. Sometime in 1895, appellee assigned and transferred all of its interest and title in the lease in question to the Fort Wayne Gas Company. These facts establish that, before the appeal of the cause, the actual controversy between the parties had been terminated or disposed of by the acts of the appellants. The latter, after the rendition of the judgment, seem to have waived their objection urged for the cancellation of the lease, and recognize it as still of binding force and

effect by assigning the same to Dudding and by accepting all of the rents due to them thereunder, accruing subsequently to the rendition of the judgment from which they appealed. They also sold and conveyed the leased premises described in their complaint, and the purchaser thereof has paid and satisfied the judgment. The facts considered as a whole, we think, show that the appellants, at the time this appeal was taken, no longer had any interest in the real controversy which they ask us to decide in their favor. The actual issue between the parties was apparently at an end before the appeal was taken. All of appellant's rights involved in this action seem to have been by them voluntarily abandoned, leaving nothing properly for this court to determine. As the case now stands there is no real present question involving actual interest and rights, for us to consider and decide, and, under such circumstances, the apppeal should be dismissed. In *Faucher* v. *Grass*, 60 Ia. 505, the plaintiff obtained a decree restraining the defendant from carrying on the business of a blacksmith in a shop on certain premises. The defendant appealed, but subsequently lost his title to the shop by a sheriff's sale. It was held that he no longer had any standing on appeal to ask a review of the decree, and that the court would not review it for the purpose only of determining who ought to pay the cost in the lower court. The rule there asserted is applicable in all respects to the case at bar. In *Hasty* v. *Funderburk*, 89 N. C. 93, on a motion to dismiss the appeal the court said: "This court has repeatedly held, that when it appears that the matter in litigation in the action before it has been settled by the parties, or disposed of in some other way, and it has thus become unnecessary to decide the questions presented by the appeal, it will not proceed to consider or decide them, but will·

dismiss the appeal. Courts are eminently practical tribunals. It is not their province, and ought not to be their desire, to decide questions or causes unnecessarily." See Elliott App. Proced., section 148 and authorities there cited; *McGrew* v. *Grayston*, 144 Ind. 165; *State* v. *Philips*, 97 Mo. 331; *Chicago, etc., R. W. Co.* v. *Dey*, 76 Ia. 278; *United States* v. *Phillips*, 6 Peters 776, in support of the conclusion reached.

The motion to dismiss the appeal, under the facts, must be sustained. Appeal dismissed.