# CHICAGO & SOUTHEASTERN RAILWAY COMPANY ET AL. *v.* GRANTHAM, ADMINISTRATOR.

[No. 20,550. Filed October 6, 1905.]

1. APPEAL AND ERROR.—*Appellant's Loss of Interest in Subject-Matter.—Dismissal.*—Where an appellant has transferred or lost his interest in the subject-matter of an appeal, such appeal will be dismissed as to him. p. 281.

2. PLEADING.—*Answer.—Railroads.—Condemnation.*—Where the complaint, in an action against a railroad company for the assessment of damages for lands appropriated by such company, showed that plaintiff recovered judgment for possession of such lands, against defendant, in 1894, and that plaintiff's grantor had

quieted her title to such lands, as against defendant's grantor, in 1892, an answer showing that such land was appropriated by defendant's remote grantor, as a railroad right of way, in 1874, and by such grantor conveyed to defendant's immediate grantor in 1885, and by such grantor conveyed to defendant in 1890, is bad.   p. 283.

3.   TRIAL.—*Quieting Title.—General Denial.—Evidence Admissible Under.*—All defenses, both legal and equitable, in a suit to quiet title, are admissible in evidence under the general denial. p. 286.

4.   QUIETING TITLE.—*Easements.—Decree.—Effect of.*—In a suit to quiet title defendant must assert all of his claims to the property or be barred.   p. 286.

5.   SAME.—*Easements.—Decree.*—An easement is an interest in land for which a suit to quiet title lies, and a decree quieting the title cuts off defendant's claim of an easement in such land. p. 286.

6.   SAME.—*Railroads.—Rights of Way.—Decree.*—A decree for plaintiff in a suit against a railroad company to quiet title where title is in issue completely bars any rights such company had at such time.   p. 287.

7.   EVIDENCE.—*Court Records.—Certified Copy.*—A transcript, certified by the clerk as containing "a full and complete copy of the complaint, answer, reply and judgment," is admissible in evidence to prove such pleadings and judgment.   p. 288.

8.   SAME.—*Court Records.—Transcripts.*—A transcript, certified as containing "a full and complete copy of the complaint, answer, reply and judgment," is admissible in evidence to prove such pleadings and judgment, though the pleadings appear to have been filed in the M. circuit court and the judgment taken in the P. circuit court and though there be nothing to show whether the M. court lost and the P. court acquired jurisdiction, the presumption being that such court rendering judgment had jurisdiction.   p. 288.

9.   JUDGMENT.—*Validity.—Two Attacks.*—Where a judgment in the first action is made the subject of an attack in a second action, wherein it is held valid and effectual, it can not be made the subject of an attack in a third action.   p. 289.

10.   SAME.—*Collateral Attack.*—Any claim of title, asserted in defense of a pending action for damages for the appropriation of land by a railroad company, which existed prior to a decree quieting plaintiff's title, constitutes in effect a collateral attack on such decree and is unavailing, the remedy against such decree being an appeal or bill of review.   p. 289.

11.   PLEADING.—*Answer in Abatement After Plea in Bar.—Demurrer.*—It is not reversible error to sustain a demurrer to a plea in abatement filed after a plea in bar.   p. 290.

From Clinton Circuit Court; *Samuel R. Artman,* Special Judge.

Action by Wesley Grantham (Charles W. Grantham, his administrator, being substituted) against the Chicago & Southeastern Railway Company and others. From a judgment for plaintiff, defendants appeal. Transferred from the Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. As to Davis, trustee, *appeal dismissed. Judgment affirmed.*

*Addison C. Harris* and *U. C. Stover,* for appellants.

*Clodfelter & Fine* and *T. E. Ballard,* for appellee.

Monks, C. J.—This action was brought on July 26, 1901, by Wesley Grantham against appellant railroad company for the assessment of damages for land appropriated for railroad purposes. The Metropolitan Trust Company, Theodore P. Davis, trustee, and the Central Trust Company, were made parties defendant; it being alleged in the application that "they each claim some right, title and interest in the strip of land described, the exact nature of which is unknown to this plaintiff, and that said claim of each of said defendants is unfounded and without right. Elizabeth A. Messick is also made a party defendant to answer as to any interest she may have in the matter alleged." Elizabeth A. Messick filed a disclaimer of any interest in the cause of action set forth in the complaint. Final judgment for damages was rendered in favor of the plaintiff, Wesley Grantham.

The only errors assigned are by the railroad company and Theodore P. Davis, trustee.

Appellee, by verified motion to dismiss this appeal, shows as to appellant Davis, trustee, that he and the Metropolitan Trust Company were made parties defendant in the court below to answer as to their interest in the real estate in controversy; that the only interest they claimed in said real estate was under and by virtue of a deed of trust for all of the property rights and franchises of said

appellant railway company, executed to them as trustees to secure certain bonds described therein; that since the rendition of final judgment by the court below in this cause said trust deed and all the bonds secured thereby have been fully paid and satisfied by the sale of all of said railroad property under a decree of foreclosure of said trust deed, and said trust company and Davis, trustee, no longer have any interest in the matters in controversy in this action. It is well settled that when a party to an appeal transfers or otherwise loses his interest in the subject-matter in controversy, the appeal will be dismissed as to him, when the fact is brought to the attention of the appellate tribunal. *Stauffer* v. *Salimonie Min., etc., Co.* (1897), 147 Ind. 71-73; *Faucher* v. *Grass* (1883), 60 Iowa 505, 15 N. W. 302; 2 Cyc. Law and Proc., 781. The appeal as to Davis, trustee, must therefore be dismissed.

The only questions left for determination are those presented by appellant railroad company.

It appears from the record that on and prior to November 21, 1887, Elizabeth A. Messick was the owner in fee simple and in possession of a farm of 182 acres, described in the complaint in this action, in Montgomery county, Indiana; that prior to said day, and while said Elizabeth A. Messick was the owner and in the possession of said real estate, the Midland Railway Company, a corporation organized under the laws of this State, entered upon said real estate, and proceeded to construct a railroad across the same, and on November 21, 1887, said Elizabeth A. Messick brought suit against said Midland Railway Company to quiet her title in and to that part of said real estate so entered upon and occupied by said railway company, the same being a strip 80 feet wide across said 182 acres of land. On May 16, 1892, she obtained a decree in said suit against said railway company quieting the title to said real estate in her. On October 30, 1890, while said suit to quiet title was pending, said Midland Railway Company by deed con-

veyed all its property and franchises to appellant Chicago & Southeastern Railway Company, a corporation organized under the laws of this State. On February 1, 1893, said Elizabeth A. Messick sold, and by warranty deed, in which her husband joined, conveyed said 182 acres of land to Wesley Grantham. At the time the deed was so executed to said Wesley Grantham the appellant railway company was operating a railroad over and upon the part of said real estate in controversy as a common carrier. In March, 1893, said Grantham, after the conveyance of said land to him, commenced an action in the Montgomery Circuit Court against the appellant railway company to recover possession of the part of said real estate over and upon which said railroad was being operated; and on December 10, 1894, he recovered judgment for possession of said real estate. On January 1, 1901, the sheriff of Montgomery county, under writ issued on said judgment, put said Grantham in possession of said real estate and made his return on said writ accordingly. Afterwards, on January 19, 1901, while said Grantham was in possession of said real estate, the appellant railway company entered upon said real estate, tore down and removed his fences, and constructed a railroad track over and upon said real estate, and ran its cars and operated a railroad over the same, and when this action was commenced claimed and used the real estate in controversy as a part of its right of way. Said entry was made upon said real estate without the consent of said Grantham, and without making or tendering him any compensation or damages.

In one of its exceptions to the award, appellant railway company alleged in effect that in 1873, the Anderson, Lebanon & St. Louis Railroad Company, a corporation organized under the laws of this State, located and graded a continuous roadbed from the city of Anderson, Indiana, to the town of Waveland, Indiana; that a part of said continuous roadbed was constructed upon the

strip of real estate in controversy, the same being then owned in fee simple by, and in the possession of, Thomas H. Messick as a part of said farm of 182 acres; that in 1874, said Anderson, Lebanon & St. Louis Railroad Company paid said Thomas H. Messick the amount of damages for said right of way as fixed by arbitrators selected by said parties, which amount said Messick received in full payment and satisfaction thereof; that afterwards, in 1885, said railroad, its franchises and property, were sold and conveyed under a decree of foreclosure, to which Thomas H. Messick was a party, to said Midland Railway Company, a corporation organized under the laws of this State, and that afterwards on October 30, 1890, said Midland Railway Company sold and conveyed its said railroad and all of its property and franchises to appellant railway company, and it owns and operates the same as the successor of the Anderson, Lebanon & St. Louis Railroad Company and the Midland Railway Company.

The trial court sustained a demurrer for want of facts to said exception, and sustained objections to all evidence tending to show that appellant railway company, or those under whom it claims, had any interest or right in or to the real estate in controversy prior to the rendition of said judgments quieting title and for possession, upon the theory that the rights of. Wesley Grantham, plaintiff in the court below, were conclusively established by said judgments, and appellant railway company was estopped thereby from asserting any right, title or interest in the real estate in controversy prior to the rendition of said judgments. This theory was correct. It was alleged in the complaint of Elizabeth A. Messick against said Midland Railway Company, filed November 21, 1887, that she was the owner in fee simple of the tract of land in controversy, and that said railway company claimed some title to or interest therein adverse to her, which claim she averred was groundless and unfounded, and a cloud upon her title, and prayed for a judgment quiet-

ing her title to the same. Said railway company appeared and filed an answer in two paragraphs. One paragraph was a general denial, and the other alleged new matter by way of confession and avoidance, it being substantially the same in effect as the matter alleged in said appellant railway company's sixth exception to the award above set out. A reply was filed, and upon the issues so formed the cause was tried by the court and a decree rendered on May 16, 1892, that said railway company had no right, title or interest in said real estate, that its claim therein was unjust and unfounded, and that Elizabeth A. Messick was the owner thereof in fee simple, and that the title in fee simple thereto be forever quieted in her.

It was alleged in the complaint of Grantham against appellant railway company, filed in March, 1893, for possession of the real estate in controversy, that he was the owner in fee simple and entitled to the immediate possession of the real estate in controversy, and that appellant railway company wrongfully and unlawfully kept him out of possession thereof, and prayed judgment that he recover possession thereof. Appellant railway company appeared to said action and filed two paragraphs of answer. One of said paragraphs of answer was a general denial, and the other alleged new matter by way of confession and avoidance, being substantially the same in effect as the matter alleged in the railway company's sixth exception to the award as above set out. The cause was tried by the court, and a decree rendered on December 10, 1894, against appellant railway company, by which it was adjudged that said Grantham, the plaintiff below in this action, was the owner in fee simple of the real estate in controversy, and that he have and recover of and from said appellant railway company the possession thereof.

It will be observed that substantially the same facts were alleged as a defense in each of said actions to quiet title and

for possession as were alleged in appellant railway company's sixth exception to the award in this action.

Moreover, the general denial was also filed in each of said actions, under which all defenses, legal and equitable, could be given in evidence. §§1067, 1082, 1083 Burns 1901, §§1055, 1070, 1071 R. S. 1881 and Horner 1901; *Green* v. *Glynn* (1880), 71 Ind. 336; *Watson* v. *Lecklider* (1897), 147 Ind. 395, 397; *Brown* v. *Fodder* (1882), 81 Ind. 491; *Jackson* v. *Neal* (1894), 136 Ind. 173.

Section 1082, *supra,* in regard to suits to quiet title, does not confine the question to one of ownership, but embraces all claims affecting the owner's right to enjoy his land; for it provides that the action may be brought against any one "who claims title to or interest in real property." It necessarily follows from this that one who is brought into court to answer as to his interest must set forth all the interest he then claims, or if he fails to do so his claim, whatever its character, is barred.

The decree quieting the title to said land therefore adjudged that the whole interest was absolutely in Elizabeth A. Messick, and that the claim of the Midland Railway Company was groundless. Such a decree cuts off every claim, whatever its form or character, whether an easement or other interest in the land. *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 308, 3 Am. St. 650; *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 581, 586-590, and cases cited; *Farrar* v. *Clark* (1884), 97 Ind. 447. An easement is an interest in land *(Burk* v. *Hill* [1874], 48 Ind. 52, 17 Am. Rep. 731; *Douglass* v. *Thomas* [1885], 103 Ind. 187), and a suit will lie to quiet title to it *(Davidson* v. *Nicholson* [1887], 59 Ind. 411; *Indiana, etc., R. Co.* v. *Allen* [1888], 113 Ind. 581, 591; *Indiana, etc., R. Co.* v. *Allen* [1888], 113 Ind. 308, 3 Am. St. 650).

In *Green* v. *Glynn, supra,* it was said: "The very object of the action to quiet title is to determine all conflicting claims, and to remove all clouds from the title of the com-

plainant. If one having a claim is brought into court by a complaint to quiet title, and fails to assert his claim, he is concluded by the judgment, even though he omitted to assert his real claim. The statute was intended to secure repose and to settle in one comprehensive action all conflicting claims."

It was said in *Indiana, etc., R. Co.* v. *Allen* (1888), 113 Ind. 581, 587: "In many cases it has been asserted that a decree in an action to quiet title, as well as in kindred actions where the title is directly in issue, cuts off all claims of the unsuccessful party, except such as are expressly saved by the decree. *Ulrich* v. *Drischell* [1882], 88 Ind. 354; *Cooter* v. *Baston* [1883], 89 Ind. 185, and authorities cited on page 186; *Stumph* v. *Reger* [1883], 92 Ind. 286; *Ragsdale* v. *Mitchell* [1884], 97 Ind. 458; *Faught* v. *Faught* [1884], 98 Ind. 470; *Watkins* v. *Winings* [1885], 102 Ind. 330."

The question of title was directly in issue in the action for possession of said real estate, and the judgment therein in favor of Grantham cut off all claims of appellant 6. railway company. *Branson* v. *Studabaker* (1892), 133 Ind. 147, 159, 160, and cases cited; *Vance* v. *Schroyer* (1882), 82 Ind. 114, 117; *Pierce* v. *Banta* (1894), 9 Ind. App. 376, 384; *Jarboe* v. *Severin* (1887), 112 Ind. 572, 574, 575; 1 Van Fleet, Former Adjudication, p. 469; 1 Woollen, Trial Proc., §2314; 24 Am. and Eng. Ency. Law (2d ed.), 826.

It is clear under the authorities that it was conclusively adjudged in said suit to quiet title and in said action for possession, that appellant railway company and the Midland Railway Company, under which it claims title, had no title or interest in or to the real estate in controversy prior to the rendition of said judgments, and that whatever claims, if any, they or those under whom they claim had in or to said real estate were cut off by said decrees.

A certified transcript of the judgment in the suit of Elizabeth A. Messick against the Midland Railway Company was read in evidence over the objection of appellant railway company. The first objection was that said transcript was not competent evidence, because not a full and complete copy of the record as required by statute. It is true that the certificate of the clerk does not show that it contains a full and complete copy of all the papers and entries in the cause; but it does show that the transcript contains "a full and complete copy of the complaint, answer, reply and judgment" in said cause. This was sufficient authentication of the pleadings named and final judgment. This objection was properly overruled. *Gale* v. *Parks* (1877), 58 Ind. 117, 119, 120; *Anderson* v. *Ackerman* (1883), 88 Ind. 481, 490.

Said appellant railway company made the further objection to the admission of said transcript, that the same was not competent evidence, because there was no showing how the Montgomery Circuit Court, in which said suit to quiet title was commenced, lost, and the Putnam Circuit Court acquired, jurisdiction of said cause. It appears from said certified transcript that the complaint of Elizabeth A. Messick against the Midland Railway Company to quiet title to the real estate in controversy, the answer of the Midland Railway Company thereto, and the reply to said answer were filed in a suit in the Montgomery Circuit Court, and that final judgment was entered in said cause by the Putnam Circuit Court. It is true there is no showing in the transcript that any change of venue was taken from the Montgomery Circuit Court, or how the cause came into the Putnam Circuit Court, where final judgment was rendered; but it is settled law in this State that where the record of a court of general jurisdiction is silent on the subject of jurisdiction over the parties, or is lost, or the record is incomplete on the subject, unless the

want of jurisdiction is shown by the record jurisdiction will be presumed. When a court of general jurisdiction has assumed to pronounce judgment, every presumption will be indulged in favor of its jurisdiction in that case, and the same is invulnerable to collateral attack, as attempted in this case, unless the record affirmatively shows that it is void. Ewbank, Indiana Trial Ev., §593; *Sims* v. *Gay* (1887), 109 Ind. 501, 502-504, and cases cited; *Horner* v. *Doe* (1848), 1 Ind. 130, 48 Am. Dec. 355; *Walker* v. *Hill* (1887), 111 Ind. 223, 231, 232, and cases cited; *Langsdale* v. *Woollen* (1889), 120 Ind. 16, 19, and cases cited; *Davis* v. *Clements* (1897), 148 Ind. 605, 607, 608, 62 Am. St. 539; *Young* v. *Wells* (1884), 97 Ind. 410, 412, and cases cited; *Cassady* v. *Miller* (1886), 106 Ind. 69, 71, and cases cited; *Bailey* v. *Rinker* (1896), 146 Ind. 129, 135; *Pierce* v. *Banta, supra.* It follows that it will be presumed, if necessary to sustain the judgment of the Putnam Circuit Court, that the venue in said cause was properly changed from the Montgomery Circuit Court to the Putnam Circuit Court. Besides, in the action of Grantham, the plaintiff in this action, against appellant railway company

9. for possession of the real estate in controversy, the validity of the judgment of Messick against the Midland Railway Company, to quiet the title to the land in controversy, was challenged by appellant railway company, and said judgment quieting the title to the land in controversy in said Messick was adjudged a valid judgment. Appellant railway company can not, therefore, again call said judgment in question.

All of said defenses asserted, whether by pleading or evidence, as to any right or interest prior to the rendition of said judgments, were a collateral attack on said

10. judgments, which, under the authorities cited, could not be made by appellant railway company. If any error was committed in either of said causes, the same did

not render said judgments void as claimed by appellant railway company, but the remedy, if any, was by appeal or bill of review.

Appellant railway company filed an answer of another action pending which was commenced before the commencement of this action. There are a number of substantial objections to the pleading; but it is sufficient to say that it was an answer in abatement, and, as the same was filed after said company had filed an answer in bar, no reversible error was committed in sustaining a demurrer thereto. *Carmien* v. *Cornell* (1897), 148 Ind. 83, 89, and cases cited; *Watts* v. *Sweeney* (1891), 127 Ind. 116, 126, 22 Am. St. 615.

The appeal of Davis, trustee, is dismissed, and the judgment is affirmed.