## HOWARD ET AL. *v.* HAPPELL.

[No. 22,478. Filed January 29, 1914.]

1. APPEAL.—*Moot Question.*—*Dismissal.*—Where a certain canvassing board was mandated to certify to the board of election commissioners the name of plaintiff as the nominee for a certain office, and restraining such canvassing board from certifying the name of his opponent as such nominee, and pending an appeal from such judgment the mandate of the trial court was complied with, and appellee was elected and assumed the office without objection, the appeal must be dismissed, since the questions presented are merely moot questions. p. 166.

From Clark Circuit Court; *Thomas B. Buskirk,* Special Judge.

Action by August Happell against Jonas G. Howard and others. From a judgment for plaintiff, the defendants appeal. *Appeal dismissed.*

*James W. Fortune* and *M. Z. Stannard,* for appellants.
*George H. Voigt,* for appellee.

Cox, J.—The Democratic Central Committee of the city of Jeffersonville elected to nominate the candidates of its party for city offices to be filled at the regular city election in November, 1913, by primary election. Appellee and Orlando Chandler presented themselves as opposing candidates

for the nomination for councilman from the second ward.
A majority of the election board for the ward, the inspector
and one judge, declared and certified that appellee had re-
ceived a majority of all the votes cast. The other judge cer-
tified that appellee's opponent had received a majority. A
canvassing board of three members, appointed pursuant to
the plan for holding the primary by appellant, Howard,
chairman of the committee, after hearing appellee and his
opponent, decided that the latter had received a plurality of
all the votes cast in the ward for councilman, declared him
the nominee of the party for that office and certified the
fact to appellants, the chairman and secretary of the city
committee. This action was brought by appellee to compel
appellants by mandatory injunction to certify to the city
board of election commissioners the name of appellee as the
nominee for the office in question and to restrain them from
certifying the name of Chandler. A decree for the relief
asked was entered and this appeal followed. Several rul-
ings of the trial court are assigned as error. The transcript
in this court was filed and errors assigned October 15, 1913,
and no motion to advance was made.

Appellee has presented a motion to dismiss the appeal.
This motion is supported by affidavits by which it is made
to appear that after the appeal was taken, and before the
ballot for the city election was prepared, appellants
1. complied with the decree by certifying the name of
appellee to the city board of election commissioners
as the nominee of the Democratic party for the office of coun-
cilman for the second ward; that his name was, by the city
board of election commissioners, caused to be printed on the
official ballot as such candidate; that he was voted for at the
general city election on November 4, 1913, and elected and
assumed the office without objection and is now acting as
such city officer. It thus appears that the questions raised
by appellants' assignment of errors are moot and no more
than abstract legal propositions the decision of which could

not affect the controversy between parties to the action, or serve any useful purpose. Under such circumstances it is well settled that this court will not decide questions raised on appeal. *Gibson* v. *State* (1912), 178 Ind. 315, 99 N. E. 424, and cases there cited. *Meyer* v. *Farmers State Bank* (1913), 180 Ind. 483, 103 N. E. 97, and cases there cited

The motion to dismiss is, therefore, sustained.

NOTE.—Reported in 103 N. E. 1065. See, also, under (1) 3 Cyc. 188.