GARY AMUSEMENT COMPANY ET AL. *v.* HIRSTH ET AL.

[No. 26,137. Filed November 18, 1935.]

*Call & Call* and *Gavit, Hall, Smith & Gavit,* for appellant.

*Scott & Dubin,* for appellees.

TREMAIN, J.—The appellants commenced this action by verified complaint in the Lake Circuit Court alleging that appellant, Northern Indiana Investment Company, was the owner of the land and the building thereon; that appellant, Gary Amusement Company, was the lessee of a portion of the building in which it operated a theatre; that appellees conspired to and were picketing said premises and otherwise injuring the theatrical

business of appellants by intimidation and unlawful acts. The complaint prayed for a restraining order without notice, and upon notice a temporary injunction, to be made permanent upon final hearing against each of appellees.

The court granted the temporary restraining order. The cause was transferred to Lake Superior Court, Room 5, by agreement of the parties. The appellants moved the court to convert said restraining order into a temporary injunction. The cause was heard upon affidavits, whereupon Lake Superior Court, Room 5, entered an order dissolving the restraining order and denying the temporary injunction. Appellants excepted, and appealed to this court.

At the time the record was filed in this court the appellants made application for a temporary injunction pending the determination of the main case on appeal. A bond was filed, and this court issued the injunction. After the cause was submitted and fully briefed the appellees filed a verified motion to dissolve the temporary injunction theretofore issued. The motion recited that since the cause had been pending in this court, the appellants had sold and disposed of the real estate, building and theatre; that appellants, and each of them, had ceased to have or hold any interest therein of any nature or kind, and were not then operating the theatre. Details of the transfers of the property by appellants are specifically alleged. Notice was duly served upon appellants. They made no resistance to the motion. Thereupon the court ordered that its temporary injunction against said appellees be vacated and dissolved.

This court knows from the foregoing that appellants now have no interest in the subject matter involved in the appeal. They have no theatre to be picketed, and if the cause should be reversed and remanded to the Lake Superior Court, it would avail appel-

lants nothing. Their property is gone and the question is moot.

It is well settled by both the Supreme and the Appellate Courts that when the matter in litigation has been settled, or the property involved disposed of, it then becomes unnecessary to decide the questions presented by the appeal. The time of the court cannot be consumed in passing upon moot questions or to entertain the same simply to determine a question of costs. It is the duty of the court to dismiss the appeal when the fact is brought to its attention that appellants have disposed of all their interest involved in the litigation. *Payne* v. *Peugh* (1913), 54 Ind. App. 551, 103 N. E. 117; *Stauffer et al.* v. *The Salimonie, etc., Co.* (1897), 147 Ind. 71, 46 N. E. 342; *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279, 75 N. E. 265; *Brown* v. *Dicus* (1909), 172 Ind. 51, 87 N. E. 716; *Bell* v. *Buescher Band Instrument Co.* (1930), 202 Ind. 12, 171 N. E. 377; *Meyer* v. *Farmers State Bank* (1913), 180 Ind. 483, 103 N. E. 97; *Gibson* v. *State* (1912), 178 Ind. 315, 99 N. E. 424; *State ex rel.* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140; *Hood* v. *McCarthy* (1910), 174 Ind. 128, 91 N. E. 501; *Howard* v. *Happell* (1914), 181 Ind. 165, 103 N. E. 1065; *Bernard* v. *Kokomo Hotel Co.* (1931), 92 Ind. App. 418, 176 N. E. 26; *Olstead* v. *McKenzie* (1932), 94 Ind. App. 180, 180 N. E. 481.

The appeal is dismissed.