CENTRAL FEDERAL SAVINGS & LOAN ASSOCIATION
v. CUMMINGS, ET AL.

[No. 27,376. Filed March 4, 1940.]

*Charles D. Hunt,* of Sullivan, for appellant.

*Ernest E. Cummings,* of Sullivan, for appellees.

FANSLER, J.—The appellant brought this action to quiet title to certain real estate and for partition. The first paragraph of complaint alleges that the plaintiff and defendants are the owners of the property in fee simple, and that the plaintiff is the owner of an undivided one-third, and the defendants of an undivided two-thirds. The second paragraph alleges that the plaintiff and defendants are the owners of the property in fee simple, and that the plaintiff is the owner of an undivided two-thirds, and the defendants of an undivided one-third. In each paragraph there is prayer that the parties may be adjudged the owners of the shares stated, and that the property be partitioned and sold. The third paragraph asserts that the plaintiff is the owner of the entire fee, and that the defendants are claiming an interest adverse to plaintiff's rights, and there is prayer that the title be quieted in the plaintiff. The defendants filed an answer in general denial, which is denominated their "separate and several answers in general denial to the plaintiff's first,

second, and third paragraphs of complaint herein considered separately and severally." They filed a pleading which is captioned a "special answer of former adjudication and adjudication prior to that," and which is denominated their separate and several answers to the "separate and several, first, second and third paragraphs of complaint." They also filed a third paragraph of answer, which is addressed to the first and second paragraphs of complaint (the ones seeking partition), separately and severally. In this it is alleged that the defendants are in possession of the real estate; that the plaintiff does not own any right, title, or interest in the real estate; that the plaintiff is not entitled to possession of the real estate, or any part of it; and that in a former action between the same parties the plaintiff asserted the same right, title, and interest which it here asserts; and that in that action it was adjudged that the plaintiff had no right, interest, or title in and to the real estate. There was a trial and judgment for the defendants.

Error is predicated upon the overruling of a motion for a new trial.

The questions discussed in the brief involve the sufficiency of the evidence only.

There is evidence that in a former action the appellant as plaintiff sought to quiet title to, and to partition, the identical real estate, and that these appellees, with others through whom both the appellant and the appellees claim title, were defendants; that there was a trial and an adjudication that the plaintiff take nothing by its complaint; and that the defendants who are appellees here take nothing by their cross-complaint; "and that the plaintiff pay the costs of this action made by it, and that the defendants, Ernest E. Cummings and Muriel B. Cummings, pay

the costs made, expended and laid out by reason of their cross-complaint." This must be construed as a final judgment, disposing of all the issues, and as a judgment that the plaintiff pay the costs occasioned by the issues made upon the complaint, and that the defendants pay the costs occasioned by the issues made upon the cross-complaint.

The statute providing for an action to quiet title was intended to secure repose and to settle in one comprehensive action all conflicting claims; and a decree ■ in an action to quiet title, as well as in kindred actions where the title is in issue, cuts off all claims of the unsuccessful party which are not saved by the decree. *Chicago & Southeastern R. Co. et al.* v. *Grantham, Adm'r* (1905), 165 Ind. 279, 75 N. E. 265.

The appellant contends that, since there was a judgment in the prior action against the plaintiff on its complaint, and the defendants on their cross-■ complaint, nothing was adjudicated between them. But this does not follow. In the former action the appellant as plaintiff asserted that it was the owner of the real estate here in question, and sought to quiet its title, and in one of the paragraphs of complaint asserted that it was the owner of two-thirds of the real estate, and sought partition. There was a judgment against the plaintiff upon the issue raised by its complaint. This is an adjudication that the appellant was not entitled to have title quieted, or to partition, under any claim of title which it then asserted, or might then have asserted.

It does not matter what was involved in the cross-complaint, upon which these appellees took nothing, since the appellant, to recover in the instant ■ case, must rely upon the strength of its title, and not upon the weakness of appellees' title.

The appellant now relies upon title derived from some of the defendants in the former action before that action was tried, so that no new claim of title is asserted in the instant case. The evidence offered by the plaintiff to establish its title in the instant case would have been admissible in the former case, and, in fact, it seems to have been introduced in the former case.

The appellant contends that, since the plea of *res judicata* purports to answer the entire complaint, it must be good as to all of the paragraphs; that it only alleges an adjudication of the question of whether or not the plaintiff was entitled to have its title quieted; and that it does not allege any adjudication of the plaintiff's right to partition. The appellees filed two affirmative answers. The second of these affirmative answers was addressed only to the first two paragraphs of complaint, which sought partition as well as the quieting of title to a part of the real estate. It is stated in the answer that it is an answer to the first and second paragraphs separately and severally. It expressly alleges a former adjudication that the plaintiff was not entitled to possession of the real estate, and had no right, interest, or title therein. But, as against a paragraph of complaint seeking partition, all defenses are admissible under the general denial. In any complaint for partition it is necessary to allege and prove title to an interest in the property, and the right to partition generally follows as a matter of course, but unless title is established there can be no partition.

The remaining contentions made in appellant's brief are upon the theory that there was no final judgment in the former case, so they need not be considered.

Judgment affirmed.

NOTE: Reported in 25 N. E. (2d) 638.