In the Matter of the Application of PATRICK F. ROX, Petitioner, Respondent, for an Order Pursuant to the Provisions of Article 78 of the Civil Practice Act to Review and Annul the Determination of JOSEPH A. DOHERTY, Appellant, in Removing Petitioner from the Position of Detective in the Saratoga Springs Police Department, to Command ARTHUR J. LEONARD, as Commissioner of Public Safety, to Reinstate Him to Said Position, and to Command MARY J. MULQUEEN, as Commissioner of Finance of Said City, to Pay Him His Salary Therefor, Respondents.

Third Department, July 2, 1940.

*James D. Connor*, for the appellant.

*William E. Morris*, for the petitioner-respondent.

*Spencer B. Eddy*, for the respondent Arthur J. Leonard.

*Francis E. Dorsey*, for the respondent Mary J. Mulqueen.

BLISS, J. On August 22, 1939, Patrick F. Rox was suspended by Commissioner of Public Safety Doherty from the office of detective in the police department of the city of Saratoga Springs. Written charges of alleged neglect of duty were served upon Rox on November 22, 1939, and on November 28, 1939, he submitted to the Commissioner his written answer and explanation of those charges. On December sixth the Commissioner notified Rox that he considered the reply insufficient and dismissed him from the service for neglect of duty. In the meantime, at the general election in 1939, the respondent Leonard, a previous commissioner, defeated Doherty for the office and on January 1, 1940, became the new commissioner. On December 31, 1939, Rox requested a rehearing, which Leonard granted the next day, and upon this rehearing Leonard reversed the determination of his predecessor Doherty, reinstated Rox to his former position of detective and on the following day announced the appointment of Rox as chief of police.

This proceeding is brought under article 78 of the Civil Practice Act to review the determination by Doherty dismissing Rox. Doherty was made a party to the proceeding in the court below and filed an answer although he had gone out of office. All parties submitted affidavits and then stipulated that all triable issues of fact properly reviewable by the court should be determined by the Special Term without a jury and that the pleadings and accompanying papers should constitute all the proofs of the respective parties. The Special Term was of the opinion that it had naught to do with the sufficiency of the charges and that its sole concern was whether or not the removal was due to motives and causes wholly ulterior and unrelated to the charges themselves. It found that Rox was removed solely because of political bias, annulled the dismissal and directed his reinstatement.

The court below was authorized to determine whether any rule of law affecting the rights of Rox had been violated to his prejudice. (Civ. Prac. Act, § 1296, subd. 5.) Under section 22 of the Civil Service Law, Rox was entitled to notice of his proposed removal and the reasons therefor and an opportunity to answer the same.

This means that there must be substance to the charges and that the explanation must be passed upon fairly and in good faith and not arbitrarily or from some ulterior motives. The mind of the person making the determination must be open and the decision must be the result of an honest and just consideration of both the charges and the answer. (*Matter of Griffin* v. *Thompson*, 202 N. Y. 104.)

The charges, if true, were sufficient to justify the suspension. If accepted, the explanation would have warranted their dismissal. Thus there was an issue of fact, which if determined properly and not arbitrarily, would not be open to question here. But the determination was based upon motives and considerations wholly outside of the charges themselves. The long delays between the happenings which form their basis, the preferring of the charges and the rendering of the decision, together with the intervening election and its results, as well as many other facts appearing in the record and which need not be here delineated, all point inescapably to this conclusion. It was the duty of Doherty to render a determination based solely upon the merits and disassociated from external considerations. The Special Term has found that this he did not do and with that conclusion we are in accord.

The order should be affirmed, with fifty dollars costs and disbursements to the respondent Rox against the appellant Doherty.

CRAPSER, SCHENCK and FOSTER, JJ., concur; HILL, P. J., dissents and votes to dismiss the appeal upon the ground that appellant is not an aggrieved party. His interest was solely that of a public official and his term of office having ended, he may not now appeal as an individual. If the case were before the court I would vote to reverse. The unjudicial remarks made by the commissioner did not deprive him of jurisdiction as to the facts. The evidence sustains the decision which he made.

Order affirmed, with fifty dollars costs and disbursements to the respondent Rox against the appellant Doherty.