In the Matter of PATRICK F. ROX, Respondent, against JOSEPH A. DOHERTY, Appellant, and ARTHUR J. LEONARD, as Commissioner of Public Safety of the City of Saratoga Springs, et al., Respondents.

Argued November 12, 1940; decided December 31, 1940.

*James D. Connor* for appellant.

*William E. Morris* for petitioner, respondent.

*Spencer B. Eddy* for Arthur J. Leonard, as Commissioner of Public Safety of the City of Saratoga Springs, respondent. The appellant has no right to appeal.

LEHMAN, Ch. J.  On August 22, 1939, Patrick F. Rox, a detective in the police department of the city of Saratoga Springs, was suspended from the police department by the Commissioner of Public Safety of the city.  On November 22, 1939, written charges of neglect of duty were served upon the suspended detective.  On November 28, 1939, the detective served a written answer to the charges and on December 6th he was notified by the Commissioner that his answer was "unsatisfactory and insufficient" and that he was dismissed from the department.  At the election held in November, 1939, after the detective's suspension but before service of the written charges, the Commissioner of Public Safety was defeated for re-election.  On the 1st day of January, 1940, at the beginning of his term, the newly-elected commissioner attempted to reinstate the dismissed detective.

Thereafter, the dismissed and reinstated detective commenced a proceeding under article 78 of the Civil Practice Act asking for an order reviewing and annulling "the determination of Joseph A. Doherty in removing him from his position as detective in the police department of the City of Saratoga Springs, N. Y., and commanding Arthur J. Leonard as Commissioner of Public Safety of said city forthwith to reinstate petitioner to the position of detective from which ex-Commissioner Doherty wrongfully removed him."  Though the petitioner asked no affirmative relief against the former Commissioner, Doherty, he was made a party to the proceeding to review his determination. The court at Special Term made an order annulling and setting aside the petitioner's dismissal by Commissioner Doherty and ordering the new Commissioner, Arthur Leonard, to reinstate him.

Former Commissioner Doherty appealed from that order to the Appellate Division.  Commissioner Leonard, who

has been commanded to reinstate the petitioner, did not appeal, nor did the Commissioner of Finance of the City of Saratoga Springs, who has been directed to pay to the petitioner his salary from the date of his removal. The Appellate Division affirmed, with costs against the appellant, the order appealed from, holding that though " the charges, if true, were sufficient to justify the suspension," yet extraneous evidence points inescapably to the conclusion that " the determination was based upon motives and considerations wholly outside of the charges themselves." (260 App. Div. 260, 262.)

Former Commissioner Doherty has now appealed to this court. Since the appellant was no longer an officer of the city when application was made by the petitioner for an order reviewing his dismissal by the appellant and since by that order the appellant was not directed to perform any act and since no costs have been imposed by that order against him, he had no legal interest in maintaining the order made at Special Term and he was not an aggrieved party with right to appeal to the Appellate Division. True, there was finding against him that his order of dismissal, though perhaps based on good motives, was arbitrary and not the " result of an honest and just consideration of both the charges and the answer," but the appellant urges more strenuously that his determination may not be reversed on such a ground, citing *People ex rel. Kennedy* v. *Brady* (166 N. Y. 44) than that the finding is not based upon sufficient evidence. The rule has long been established that a board or officer whose determination is subject to judicial review " can neither appeal from an order of the court reversing the proceedings, nor be heard on the appeal. (*People ex rel Breslin* v. *Lawrence*, 107 N. Y. 607; *People ex rel. Burnham* v. *Jones*, 110 N. Y. 509.) " (*People ex rel. Steward* v. *Board of Railroad Commissioners*, 160 N. Y. 202, 212.) Even where an officer is properly made a party to such proceedings while still in office, an appeal taken in his name after he has ceased to hold office and without authorization from his successor must be dismissed. (*People ex rel. Walker* v. *Ahearn*, 200 N. Y. 146.)

We are asked to distinguish these decisions on the ground that, since they were rendered, the Legislature, by chapter 526 of the Laws of 1937, has enacted section 1290 of article 78 of the Civil Practice Act, which provides that "whenever necessary to accomplish substantial justice, a proceeding under this article may be maintained against an officer whose term of office has expired  *  *  *." Even before new article 78 was enacted by the Legislature, the appellant, under the provisions of old section 1292 of the Civil Practice Act, would have been a proper party to a proceeding for the review of his determination even though he no longer held office, and section 1290 has made no change there. Such a former officer does not, however, act as a representative of the public and is not authorized to represent the interests of the public. That duty has devolved upon those who now hold office and even in a case where there might be room for the argument that the interests of the public would be served by an appeal, the appellant may not perform the duties which have devolved upon them. He had no right to appeal either to the Appellate Division or to this court.

The appeal should be dismissed, with ten dollars costs.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Appeal dismissed.