SMITH ETC. *v.* STATE EX REL. MEREDITH.

[No. 30,176. Filed February 14, 1962.]

*Charles E. VanNada* and *Victor J. Roberts,* both of Lowell, for appellant.

*Straley Thorpe,* of Hammond, for appellee.

BOBBITT, J.—This case was transferred from the Appellate Court to this court under Acts 1925, ch. 201, §1, p. 487, being §4-214, Burns' 1946 Replacement.

It is an action to mandate appellant, Samuel S. Smith, personally and as Justice of the Peace of Cedar Creek Township, Lake County, Indiana, to transmit to the Clerk of the Lake Circuit Court all papers and records in the case of "Town of Lowell vs. Allen C. Meredith" within 14 days from September 18, 1961.

Appellee, Allen C. Meredith, has filed his motion to dismiss this appeal for the reasons, *inter alia,* that Samuel S. Smith, neither personally nor as Justice of the Peace of Cedar Creek Township, Lake County, Indiana, has any appealable interest herein.

Appellant was elected as such Justice of the Peace for a four-year term commencing January 1, 1959, and was qualified and acting as such on May 11, 1961, when judgment was entered against appellee in the case of "Town of Lowell vs. Allen C. Meredith."

On September 26, 1961, appellant filed his praecipe for transcript with the Clerk of the Lake Circuit Court preparatory to an appeal of the order of the Lake Circuit Court of September 18, 1961.

On October 24, 1961, appellant submitted his resignation to the "Clerk of Lake County, Indiana," as follows:

"This is to inform you that I Samuel S. Smith Justice of the Peace, of Cedar Creek Township, Lake County, Lowell, Indiana, do hereby offer my resignation as Justice of the Peace of said Township. Effective Date October 24th, 1961.

Respectfully,
/s/Samuel S. Smith

Samuel S. Smith
Justice of the Peace."

Thereafter, on October 30, 1961, appellant turned over to the trustee of Cedar Creek Township the books and records pertaining to the office of Justice of the Peace, and on the following day removed his house trailer, from the trailer park where he had resided, with the expressed intention of leaving the State.

Appellant properly filed his resignation as Justice of the Peace with the Clerk of the Circuit Court. Acts

1852, (2 R. S.), ch. 1, §7, p. 449, being §5-114, Burns' 1946 Replacement; Acts 1852 (1 R. S.), ch. 19, §5, p. 223, being §49-205 (Third), Burns' 1951 Replacement.

It clearly appears that appellant intended to relinquish the remainder of his term of office as Justice of the Peace and his acts in submitting his resignation to the proper officer and subsequently surrendering the books and records of the office to the township trustee effected his resignation; *State ex rel. McGuyer* v. *Huff* (1909), 172 Ind. 1, 87 N. E. 141, 139 Am. St. Rep. 355; and a vacancy in the office of Justice of the Peace of Cedar Creek Township, Lake County, Indiana, was thereby created; *The State ex rel. Lockhart* v. *Hauss* (1873), 43 Ind. 105, 13 Am. Rep. 384.

It is shown by the verified pleadings before us that appellant has ceased to have any real interest in the appeal herein. If we were to entertain the appeal and sustain the order of the trial court, no execution of the order could be had upon appellant because he is no longer Justice of the Peace and does not have custody of the records requested in the order of the Circuit Court. His official capacity has terminated and it would be a futile act to order him as an individual to do something, which because of the termination of his official capacity, it is legally impossible for him to do.

Although appellant was properly made a party to this appeal while he still occupied the office of the Justice of the Peace, an appeal taken in his name, after he has resigned and ceased to hold the office, must be dismissed, unless a successor in office is substituted as the real party in interest. *Chicago etc. R. Co.* v. *Grantham* (1905), 165 Ind. 279, 282, 75 N. E. 265; *Gary Amusement Co.* v.

*Hirsth* (1935), 209 Ind. 141, 143, 198 N. E. 298; *Rox* v. *Doherty* (1940), 284 N. Y. 550, 32 N. E. 2d 549, 551.

The record is silent as to the appointment of a successor to appellant as Justice of the Peace of Cedar Creek Township, Lake County, Indiana, and no petition to substitute parties to appellant has been filed in this case. Under these circumstances appellee's motion to dismiss will be, and is, sustained.

Appeal dismissed, costs taxed against appellant.

Achor, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 180 N. E. 2d 104.