## HAMPEL, ADMINISTRATOR, *v.* HAMPEL ET AL.

[No. 7,193.   Filed March 30, 1911.]

1.  APPEAL.— *Moot Questions.— Leases.— Expiration before Decision.— Administrators.—* Where an administrator petitions for leave to sell real estate to make assets with which to pay debts, and he unsuccessfully seeks to set aside a lease, and the property is ordered sold subject thereto, his appeal from such order will be dismissed, where the lease expires of its own limitation before a decision is reached.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Otto J. Hampel, as administrator of the estate of Elizabeth Hampel, deceased, against Christian W. Hampel and others. From the judgment rendered, plaintiff appeals. *Appeal dismissed.*

*George H. Hester,* for appellant.
*C. L. & H. E. Jewett,* for appellees.

ADAMS, J.—Elizabeth Hampel died intestate at Floyd county, Indiana, in 1908, and appellant, Otto J. Hampel,

was appointed administrator of her estate by the Floyd Circuit Court. At the time of her death, said Elizabeth Hampel was the owner in fee simple of four lots in the town of Greenville, Floyd county, Indiana, also of a farm of forty-nine and one-half acres in said county. There being an insufficiency of personal· property to pay the debts of said estate of Elizabeth Hampel, appellant, as administrator of her estate, filed his petition in the Floyd Circuit Court, asking that the town lots be sold to make assets with which to pay the debts of the estate.

In his petition appellant sought to set aside a certain lease to the town lots and the farm property, executed by said Elizabeth Hampel to appellee Christian W. Hampel. By the terms of the lease it was provided that it should continue for a term of five years, or until March 1, 1911, as to the farm property, and for two years as to the town lots, with the right to renew for an additional term of two years, which would extend the term until April 10, 1910.

A change of venue was taken from the Floyd Circuit Court to the Clark Circuit Court, where an amended complaint was filed and issue joined thereon.

The only question contested in the proceedings was the validity of the lease, the right to sell the four lots in the town of Greenville not being disputed. The court found that the lease was valid and binding, and directed the sale subject to said lease.

It appears from the record that the lease, as to the property sought to be sold, expired on April 10, 1910, and upon the farm property it expired March 1, 1911. As the lease, which was the only matter in controversy in this suit, has now ceased to exist by virtue of its own terms, nothing remains for decision but a moot question. It has been many times held that this court will not decide mere abstract questions, from determination of which no practical result can follow. *Rowe* v. *Bateman* (1899), 153 Ind. 633; *State, ex*

*rel.*, v. *Board, etc.* (1899), 153 Ind. 302; *Stauffer* v. *Salimonie Min., etc., Co.* (1897), 147 Ind. 71; *Wallace* v. *City of Indianapolis* (1872), 40 Ind. 287.

Appeal dismissed.