## South Park Floral Company *v.* Garvey.

[No. 22,711. Filed December 17, 1914. Petition to vacate order of dismissal denied January 19, 1915.]

1. APPEAL.—*Review.*—*Dismissal.*—*Costs.*—Where it appeared on appellee's motion for dismissal that pending appeal from a judgment for appellee in an action to enjoin him from performing a contract for certain street improvements, he fully per-

formed the contract and that the work had been accepted and paid for, a dismissal of the appeal was required, but at the cost of appellee.

From Henry Circuit Court; *Charles K. Bagot,* Special Judge.

Action by the South Park Floral Company against James Garvey. From a judgment for defendants, the plaintiff appeals. *Appeal dismissed.*

*Forkner & Forkner,* for appellant.
*Barnard & Brown,* for appellee.

MORRIS, J.—Appellant sued appellee to enjoin him from performing a contract for a street improvement in the city of Newcastle. Appellee's demurrer to the complaint was sustained, and appellant declining to plead further judgment was rendered for appellee on July 9, 1914, and appellant prayed an appeal to this court which was granted. The transcript and appellant's briefs were filed September 28, 1914. Jurisdiction of the appeal is in this court because of a constitutional question involved. On December 15, 1914, appellee filed a verified motion to dismiss the appeal, because as shown, on November 4, 1914, appellee fully completed the performance of the contract sought to be enjoined, and, on the same day, the city council by proper resolution accepted the work as fully completed, and afterwards, on November 16, 1914, the city authorities fully paid to appellee the contract price of the work.

It thus appears that because of appellee's acts, since the appeal was taken there is nothing .on which an order of injunction could operate, and the motion to dismiss must be sustained, but the dismissal should be at appellee's cost. *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869, and authorities cited. Appeal dismissed at appellee's cost.

NOTE.—Reported in 107 N. E. 68. See, also, 3 Cyc. 188; 11 Cyc. 212.