Kieselbach v. Feuer—183 Ind. 582.

## KIESELBACH ET AL. *v.* FEUER ET AL.

[No. 22,686. Filed October 13, 1915.]

1. APPEAL.—*Review.*—*Moot Questions.*—*Dismissal.*—Where it is made to appear that after the judgment from which the appeal was taken, the real estate which was the subject of litigation was sold on decree in satisfaction of liens superior to the claims of the parties to the appeal, that they were parties to the proceeding in which the decree was rendered, that the proceeds of the sale were applied in satisfaction of the decree, and that the period for redemption had expired and deed issued to the

purchaser, etc., the appeal must be dismissed as presenting merely a moot question. p. 583.

2. APPEAL.— Moot Questions.— Determination.— In determining whether an appeal presents merely a moot question, the court may receive proof or take notice of facts appearing outside the record. p. 584.

3. APPEAL.—Moot Questions.—Disposition of Cause.—Costs.—The court is not justified in passing upon questions that have become moot for the sole purpose of determining the liability for costs. p. 584.

From Laporte Superior Court; *Harry B. Tuthill*, Judge.

Action by William S. Feuer and another against Ida Kieselbach and another. From a judgment for plaintiffs, the defendants appeal. *Appeal dismissed.*

*William J. Whinery*, for appellants.

*Harris & Ressler, Carl J. Cooper* and *Carl O. Dennewetz*, for appellees.

LAIRY, J.—The pleadings in this case disclose that on January 15, 1910, Herman Kieselbach and Ida Kieselbach, his wife, executed two deeds by which they conveyed certain real estate described therein to appellees. Under the issues, appellees sought to have these deeds declared mortgages to secure a debt in their favor and to have them foreclosed as such, while appellants sought by cross-complaint to have their title to the same real estate quieted against all claims of appellees. A trial by the court resulted in a decree in favor of appellees. This appeal is prosecuted to reverse the judgment of the trial court.

Appellees have filed a motion to dismiss the appeal based upon certain facts therein stated and supported by affidavit. The facts thus stated show that after the judgment from which this appeal is taken was entered in the trial court, all of the real estate in controversy was sold by the sheriff under decrees entered in foreclosure proceedings to which all of the appellants and appellees in this case were parties. It further appears that the mortgages foreclosed in such proceedings were liens on said real estate

superior to the claims of all of the parties to this proceeding. The facts stated in support of the motion further disclose that the real estate was bid in by the holder of such mortgages for an amount no more than sufficient to satisfy the decrees, that the time for redemption has expired and that the sheriff has executed deeds to the purchasers which have been duly recorded. It thus appears from uncontroverted facts that none of the parties to the appeal have any right, title or interest in or to the real estate in controversy, and it can make no possible difference what their respective rights may have been at the time the judgment in this case was entered in the trial court. The question is now moot. The courts are organized and maintained for the purpose of settling real controversies between parties litigant, and whenever it appears on appeal that the real controversy between the parties has been terminated such appeal will be dismissed. *Meyer* v. *Farmers State Bank* (1913), 180 Ind. 483, 103 N. E. 97; *Howard* v. *Happell* (1914), 181 Ind. 165, 103 N. E. 1065; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385; *Stauffer* v. *Salimonie Min., etc., Co.* (1897), 147 Ind. 71, 46 N. E. 342; *Carmody* v. *State* (1912), 178 Ind. 158, 98 N. E. 870; *Hampel* v. *Hampel* (1911), 47 Ind. App. 352, 94 N. E. 574; *Crawfordsville Trust Co.* v. *Ramsey* (1913), 55 Ind. App. 40, 100 N. E. 1049, 102 N. E. 282.

An appellate court may receive proof or take notice of facts appearing outside the record for the purpose of determining the moot character of a question presented to it. *Mills* v. *Green* (1895), 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; 3 C. J. 358. The court is not justified in passing upon the questions presented by the assignment of errors on this appeal for the sole purpose of determining the liability for costs. Appeal dismissed.

NOTE.—Reported in 109 N. E. 842. As to what judgments and orders may be appealed from, see 20 Am. St. 173. See, also, under (1) 3 Cyc. 188; (2) 3 Cyc. 197; (3) 3 C. J. 365; 2 Cyc. 535.