RILEY, CLERK v. BELL.

[No. 22,769.   Filed October 14, 1915.   Rehearing denied December 15, 1915.]

MUNICIPAL CORPORATIONS.—Ordinances.—Validity.—Moot Questions. —Dismissal of Appeal.—Where a city ordinance was adopted providing for the codification of the city's ordinances by a committee of lawyers to be appointed by the city clerk, which was declared void by the trial court as an invasion of the rights of the executive department of the city, and pending an appeal from the judgment a new ordinance was passed similar in all respects, except that it provided for the appointment of the codification committee by the mayor, and which repealed the former ordinance, the question presented by the appeal was thereby rendered moot, and there being nothing involved in the question that was of public interest or importance, a dismissal of the appeal was necessary.

From Superior Court of Marion County (95,-801); John C. Ruckleshaus, Special Judge.

Action by Joseph E. Bell against Thomas A. Riley, Clerk of the city of Indianapolis. From a judgment for plaintiff, the defendant appeals. Appeal dismissed.

W. D. Bynum, Albert E. Cottey, Leroy J. Keach and Dixon H. Bynum, for appellant.

Paul G. Davis and William A. Pickens, for appellee.

Cox, J.—There is involved in this appeal the question of the validity of an ordinance, passed by the common council of the city of Indianapolis, August 24, 1914, vetoed by the mayor and duly passed over his veto, September 27, 1914. This ordinance sought to provide for revising, codifying, indexing and publishing the ordinances of the city and to authorize appellant as city clerk to employ two lawyers to do the work under the direction of the department of law of the city. It was designated General Ordinance, No. 25, 1914. The lower court adjudicated the ordinance to be void on the ground that it was an invasion of the rights of the executive department of the city as established by the law under which the city takes its powers. From that judgment this appeal is brought.

Appellee has interposed, against the decision of the cause on the question raised, a verified motion to dismiss the appeal. In this motion it is made to appear that on August 16, 1915, the common council passed and the mayor duly signed and approved another ordinance similar in all respects to the former one except that the appointment of the codifiers was vested in the mayor. The latter ordinance contained a repealing clause repealing all ordinances and parts of ordinances in conflict with or in the purview of it and expressly repealing General Ordinance, No. 25, 1914. It was provided that it should take effect and be in full force and effect from and after its approval by the mayor. Thus it appears that the real controversy involved in the appeal has been removed and that the question on which the decision of this court is invoked has become a purely academic one.

That this court will not decide mere moot questions, but will dismiss the appeal when it is shown that no actual controversy is involved, is well set-

tled.　The appeal will not be entertained for the sole purpose of determining who shall pay the costs. *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869, and cases there cited; *Kieselbach* v. *Feuer* (1915), 183 Ind. 582, 109 N. E. 842; *Crawfordsville Trust Co.* v. *Ramsey* (1913), 55 Ind. App. 40, 100 N. E. 1049, 102 N. E. 282, and cases there cited.　Counsel for appellant concede that the concrete matter in dispute has been removed from the cause, but nevertheless they insist that the question which was involved is one of public interest and importance and should for that reason be decided.　In support of this contention counsel cite *In re Cuddeback* (1896), 3 App. Div. 103, 39 N. Y. Supp. 388; *People, ex rel.* v. *Doe* (1905), 109 App. Div. 670, 96 N. Y. Supp. 389; *In re Madden* (1895), 148 N. Y. 136, 42 N. E. 534; and *People, ex rel.* v. *Martin* (1894), 142 N. Y. 228, 36 N. E. 885, 40 Am. St. 592.　While in these cases the controversy between the parties had ceased to exist there was involved the important matter of the proper construction of an existing public election law.　Nothing of the kind is involved here.　The ordinance in question it is conceded has been duly repealed.　As was said in *State, ex rel.* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140, "The act which gave rise to this controversy ＊ ＊ ＊ having been repealed ＊ ＊ ＊ we are not warranted in assuming that the abstract question presented by this appeal is of general interest to the public."

Other reasons advanced by appellant why the appeal should not be dismissed but determined are of no greater force.　Appeal dismissed.

NOTE.—Reported in 109 N. E. 843. See, also, 3 C. J. 360; 2 Cyc 533.