## ZEIGLER v. KNOTTS.

[No. 9,771. Filed March 16, 1917.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—Where appellant's brief evidences a good-faith effort to comply with the rules of court governing the preparation of briefs and substantially complies with such rules as to some of the questions attempted to be presented, such brief is sufficient as against a motion to dismiss. p. 145.

2. APPEAL.—*Dismissal.*—*Termination of Controversy.*—*Costs.*— Where, in an action to quiet title to city lots, plaintiff amended his complaint at the close of the evidence so that he did not assert title to the lots in which defendants were claiming ownership, the real controversy between the parties was thereby terminated, and an appeal by defendants will not be entertained to determine the incidental question of costs, where such issue was not presented to the trial court. p. 146.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by Armanis F. Knotts against Eugene H. Zeigler. From a judgment for plaintiff, the defendant appeals. *Appeal dismissed.*

*J. Kopelke,* for appellants.

*A. F. Knotts,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in an action begun by him in the Lake Superior Court in 1906 to quiet title to numerous lots in Lake county. The original complaint involved nu-

merous defendants, many of whom were nonresidents, to whom notice of the pendency of said action was given by publication. The resident defendants filed disclaimers and the nonresident defendants defaulted, whereupon judgment was entered in appellee's favor quieting his title to the lots described in his complaint.

Among the defaulted defendants, against whom such judgment was taken, were Michael C. O'Donnell and Hugh T. Syron, and among the lots described in such original complaint, the title to which was quieted in appellee by such judgment, were lots 27 and 29 in block 3, in the Chicago-Tolleston Land and Investment Company's *resubdivision* of said Chicago-Tolleston Land and Investment Company's *fourth addition* to Tolleston. Subsequently, in 1908, some of the nonresident defendants, among them said O'Donnell and Syron, appeared, and, over appellant's objections, had said default set aside and were permitted to file their answer to appellant's complaint. The application of O'Donnell to set aside the default set forth that he was the owner of lot 29, block 3, in the Chicago-Tolleston Land and Investment Company's *resubdivision* of the fourth addition to the town of Tolleston, and he filed an answer in which he denied each and every averment of the complaint relating to such lot and disclaimed any interest in any of the other lots.

The application and answer of Syron was the same except it affected lot 27 before described. Later appellant Zeigler filed his application to be made a defendant, in which he showed that since the commencement of the action he had succeeded, by purchase, to the respective interests of said O'Donell and Syron. He was permitted to defend and filed an answer in which he denied the allegations of the complaint in so far as they pertained to said lots 27 and 29 as above described. The case was then venued to the Porter Circuit Court. A

trial resulted in a decision in appellant's favor. A new trial as of right was granted and the same result followed the second trial. An appeal to this court resulted in a reversal of the judgment below. See *Knotts* v. *Zeigler* (1914), 58 Ind. App. 503, 106 N. E. 393.

The case was then, by agreement, certified to the Porter Circuit Court, where it was again tried by that court. At the close of the evidence, the appellee asked leave to amend his complaint to conform to the proof. His request was granted and he amended by striking out of the description of said lots the following words: "*Resubdivision* of said Chicago-Tolleston Land and Investment Company's," making the amended description read as follows, to wit: "Lots 27 and 29 in block 3, being in the Chicago-Tolleston Land and Investment Company's fourth addition to Tolleston." Appellant Zeigler was made a defendant to such amended complaint. The court then found for the appellee. Zeigler, O'Donnell and Syron each filed separate motions for a new trial, each of which was overruled. Appellant Zeigler appealed and assigns as error in this court the ruling on his said motion.

Appellee has filed a motion to dismiss the appeal on the grounds: (1) That the appellant's briefs do not comply with Rule 22 of the court in the several respects set out in such motion; (2) that the record and brief of appellant presents only a moot question, if any, for the following reasons, to wit: (We quote.)

(1) "The record discloses that on the 28th day of February, 1916, the same being the 19th judicial day of the February Term, 1916, of the Porter Circuit Court, appellee obtained a judgment (from which this appeal is taken) quieting his title as against the defendants, including appellant, to the following described real estate: Lots 27 and 29 in block 3, being in the Chicago-Tolleston Land and Investment Company's Fourth ad-

dition to Tolleston, Lake county, Indiana. (2) "The record further shows that at the close of all the evidence and before the rendition of the judgment, * * * appellee requested and was granted permission to amend and did amend his complaint to conform to the evidence. (3) "Appellant in his brief * * * makes the following statement and admission:

" 'The evidence showed that the Chicago-Tolleston Land and Investment Company had platted a Fourth addition to Tolleston and a resubdivision of a part of said addition (with other parts), both of which had block 3, extending from Michigan Central Railroad to 166th Street between Eastern and Irving avenues, and with lot 29 at the street intersection and lot 27 the second lot to the north. * * * See plats * * *. These plats showed that lots 27 and 29 in the resubdivision did not occupy the same geographical space as said lots in the Fourth addition as originally platted, but that the lots in the two locations, using the Michigan Central Railroad, the actual and visible monument on the ground, as a base · line, were 125 feet apart, * * * and using the south line of the quarter section as a base line * * * they were 30.38 feet apart at the nearest point of the two descriptions. * * *

" 'So then, when appellee by amendment of his complaint at the end of the trial, located his claim upon lots 27 and 29 in block 3, in the Fourth addition, he abandoned the claim he had first asserted, namely to the lots by the same numbers in the Resubdivision; *which were the only ones to which appellant, and Syron and O'Donnell, his grantors, had asserted and were asserting any claim*, as shown by the record heretofore set out. *. * * When appellee's amendment to his complaint took out of the case the only issue that had been contended over, when his own evidence showed that the lots to which he ultimately attached his claim were not*

Zeigler *v.* Knotts—64 Ind. App. 141.

*the ones to which the defendants to this action were asserting claim,* he simply failed against them and the court should have found in their favor, instead of giving judgment against them and casting them in the costs of this protracted litigation.'

(4) "The record does not show and appellant does not claim that he filed any answer of disclaimer, or motion for continuance, after the court permitted appellee to amend his complaint to conform to the evidence. Appellant excepted to the amendment at the time but that ruling of the court is not questioned by this appeal in any manner. Up to the time of the rendition of the judgment appellant was still claiming the lots described in the amended complaint, * * * and after judgment, filed a motion for new trial asking that the court set aside its decision, on grounds, among others, that it was not sustained by sufficient evidence and was contrary to law. (5) "By reason of the statement and admission in appellant's brief, above set out, the title to the property described in the amended complaint and adjudged to be in the appellee is no longer in controversy between the parties to this appeal." (Our italics.)

As to the first ground of said motion, it may be said that, while appellant's brief may not be sufficient under the rules of the court to present each and all of the questions which it attempts to present, it evidences a good-faith effort to comply with the rules, and does in fact substantially comply with them at least as to some of the questions attempted to be presented, and hence is sufficient against a motion to dismiss the appeal based on the infirmities therein. *Repp* v. *Indianapolis, etc., Traction Co.* (1915), 184 Ind. 671, 111 N. E. 614; *Town of New Point* v. *Cleveland, etc., R. Co.* (1915), 59 Ind. App. 147, 107 N. E. 560; *Deal* v. *Plass* (1915), 59 Ind. App. 185, 109 N. E. 51;

*Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109 N. E. 411.

The second ground of the motion to dismiss presents a more difficult question. Appellant, in his brief resisting such motion, insists that the statement contained in his original brief, upon which the motion to dismiss is based, "can hardly be called an admission," but that it "is simply an assertion on the part of the appellant of what he claims the evidence showed and by reason of which he asserts error in the judgment of the trial court"; that such "assertion" does not settle "the matter in controversy between the parties, upon this appeal," in that it "lacks mutuality".

The infirmity of this argument or contention is that it impliedly, at least, reasserts what we think is the controlling fact appearing in the original statement, viz., that appellant is in fact making no claim to the lots, title to which was quieted in appellee in the judgment herein appealed from, and hence has no interest in fact in the subject-matter of such judgment. This conclusion is not only consistent with appellant's statement, but is supported by the record. We have indicated *supra* enough of the facts and history of the case to show that the subject-matter of this protracted litigation, from its beginning in 1906 until appellee filed his amended complaint herein, was lots 27 and 29 in block 3, in the Chicago-Tolleston Company's *resubdivision* of the fourth addition to Tolleston. It was appellee's title in these lots that was quieted by the original judgment taken against Syron and O'Donnell on default. *It was the judgment affecting such lots respectively that they asked to have set aside on the ground that they owned such lots and should be permitted to defend against appellee's claim of title thereto.* These lots were involved in each of the former trials and in the former appeal to this court, and appellee's claim

to them was continued through the last trial until the close of the evidence when, by amending his complaint to conform to the proof, he abandoned his claim to the lots in said *resubdivision* of said Fourth addition, and asserted claim to lots described in said Fourth addition.    The entire proceeding, therefore, indicated that the controversy in fact has been over the lots described in appellee's original complaint.    The record clearly shows, and the parties, in effect, agree, that such lots and the lots described in appellee's amended complaint are not identical but have separate distinct locations, the latter being in said Chicago-Tolleston Company's Fourth addition to Tolleston, and the former being in the *resubdivision* of such addition.

Appellant says in his brief resisting this motion that, while he, "by his answer, limited his contention to the lots in the resubdivision, yet the appellee retaining him in the case as a defendant to his amended complaint kept pursuing him concerning his lots notwithstanding the amendment to his complaint by which he changed the description, and appellant was entitled to defend and defeat appellee's action by showing that he had no such title to any lot as would justify a judgment quieting his title and to prosecute an appeal from such judgment"; that he knows from experience that "after he gets through with appellee in the present litigation concerning the title to lots 27 and 29 in block 3," he "will have to battle with him again over the possession of the lots."

Here again, appellant, at least impliedly, admits that he is not claiming title to said lots but continued in the litigation simply because he thought he might be able to defeat a judgment quieting title in appellee, hoping thereby to prevent appellee from having the benefit of such judgment in some future litigation.

The fact that appellee made appellant a defendant to the amended complaint indicated no desire or purpose

of "pursuing him concerning *his* lots." (Our italics.)
On the contrary, the amendment conclusively evidenced
a purpose to abandon the claim to the lots described
and claimed in the original complaint, and if appel-
lant claimed no interest in such lots he should have dis-
claimed any interest and taken the proper steps to have
taxed to appellee the costs of the litigation incurred up
to the time of the amendment. If, as appellant says,
he desired to protect and settle his own title to the lots
originally claimed by appellee for the purposes of some
future litigation involving a right to possession of said
lots, he should have filed a cross-complaint tendering
such issue.

Upon the record as it comes to us and appellant's
statement made part of appellee's motion to dismiss, as
well as his other statements set out, *supra,* we are forced
to the conclusion that appellant has no interest in the
subject-matter affected by the judgment appealed from
other than one affecting the question of costs, and hav-
ing failed in the trial court to move for judgment for
costs up to the time of said amendment, or to in any
proper way present such question to the trial court for
its determination, such question is not presented by the
appeal, except as it would be incidentally affected by a
judgment of reversal. The appellate tribunal will not
entertain an appeal "for the sole purpose of determin-
ing who shall pay the costs." *Riley* v. *Bell* (1915), 184
Ind. 110, 109 N. E. 843; *Kieselbach* v. *Feuer* (1915),
183 Ind. 582, 109 N. E. 842; *Meyer* v. *Farmers State
Bank* (1913), 180 Ind. 483, 103 N. E. 97. In the case
of *Kieselbach* v. *Feuer, supra,* the Supreme Court said:
"The courts are organized and maintained for the pur-
pose of settling real controversies between parties liti-
gant, and whenever it appears on appeal that the real
controversy between the parties has been terminated
such appeal will be dismissed." See cases cited in

*Kieselbach* v. *Feuer, supra; also, Evans* v. *Seevers* (1915), 62 Ind. App. 20, 111 N. E. 438, and cases there. cited. The real controversy between the parties to this appeal terminated when the appellee amended his complaint below. At least for the purposes of this appeal, the facts disclosed by the record, together with appellant's admission, authorize this court to treat the controversy as having been then terminated.

The motion to dismiss is therefore sustained.

NOTE.—Reported in 115 N. E. 343.