BOARD OF FINANCE OF TOWN OF BROOK v.
SPANGLER ET AL.*

[No. 14,933. Filed November 13, 1934. Rehearing waived
December 1, 1934.]

*T. B. Cunningham,* and *F. G. Richmire,* for appellant.
*Emmet M. LaRue,* for appellees.

BRIDWELL, C. J.—Appellees Laura R. Spangler, Ferd Spangler, Hannah M. Dickson, Bert Dickson, Jesse Atkinson, and Mary Pitney, filed their complaint in the court below against their co-appellees and the appellants, to recover judgment on certain promissory notes executed by some of the appellees; to foreclose a mortgage lien on certain real estate, alleged to have been given to secure payment of said notes, and, to have their alleged lien declared a prior lien to certain judgment liens of appellants, and of appellees John F. and Ida Lawrence.

After the issues were closed the cause was submitted to the court for trial and a finding and judgment in favor of the appellees bringing the action was rendered, it

---

*NOTE—Published out of order because not received sooner by Reporter.

being found and adjudged by the court, among other things, that the judgment lien of each of the appellants was junior to that of the mortgage lien foreclosed. It is this part of the court's decree and judgment that affects the rights of the appellants, and reversal is sought for the claimed error in this respect.

Appellees have filed a verified motion to dismiss the appeal on the grounds that the question presented has become moot and that there is nothing left for this court to determine.

It is alleged in said motion that the judgments in favor of appellants were rendered in actions brought against certain of the appellees on personal surety bonds executed by said appellees without compensation, and given to secure deposits in the State Bank of Brook, Brook, Indiana, of funds raised by taxation by the municipal and school corporations involved, and that said bonds were given pursuant to Chapter 222 of the Acts of 1907, as amended; that by reason of the fact that Chapter 78 of the Acts of 1933 (Acts 1933, p. 488) relieves, releases and discharges the judgment debtors from all liability on said judgments the question of priority has become moot.

Appellants have not in any manner controverted the facts set forth in said motion to dismiss, but have, in three petitions for extension of time within which to file their briefs, expressly stated as follows: "The appellant herein respectfully shows to the court that the above entitled cause is an appeal from the Jasper circuit court in an action wherein the question of priority of a certain judgment lien over an unrecorded mortgage is the principal question involved in said appeal, . . .

"They further show to the court that the judgments sought to be enforced in the above entitled cause are based upon bonds given by the appellees to secure funds deposited in the State Bank of Brook, a public depository

of the appellants herein. That by Chapter 78 of the Acts of 1933, page 488, the appellees, who were personal sureties on said bond, were relieved from any liability on account of such bonds and upon judgments obtained thereon. That the question of the constitutionality of said act is being litigated in the courts of this state and if held to be constitutional, the appellees will be by the force of said act relieved from any liability on account of said judgments. Appellants state that this matter was appealed before said law went into effect and it is doubtful as to whether or not that question can be raised in this cause of action and that if said act is subsequent to this time held to be constitutional, this cause will become a moot case."

In the case of *Bolivar Township Board of Finance of Benton County* v. *Hawkins* (1934), 207 Ind. 171, 191 N. E. 158, our Supreme Court held Chapter 78 of the Acts of 1933, *supra*, constitutional, and, since it is admitted that if said act is valid the question presented by this appeal is moot, it follows that there is nothing left for this court to determine, as it is well settled that an appeal will not be entertained for the sole purpose of determining who shall pay the costs. *Riley, Clerk* v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843.

The appeal is dismissed.