DALY *v.* BIRDSALL ET AL.

[No. 15,417. Filed July 2, 1936.]

*Sheehan & Lyddick,* for appellant.

*Ben C. Rees, Oliver Starr, Galvin, Galvin & Leeney* and *Thompson, Meyers & Helm,* for appellees.

KIME, C. J.—This suit was brought by appellant to establish and enforce a trust in, and to quiet title to certain real estate located in Lake County, Indiana, and a judgment was rendered and entered for appellees in the Superior Court of said county on June 11, 1934. This appeal was prosecuted to reverse the judgment of the trial court. Appellees have filed a motion to dismiss the appeal based upon certain facts and supported by affidavit, which facts show that after the appeal herein was submitted, a complaint was filed in said Lake Superior Court, being cause number 32305, entitled *Harold D. Mann* v. *Richard Robert Birdsall et al.,* to foreclose a mortgage on the same real estate involved in the appeal here.

In the suit last mentioned summons was issued and served on James H. Daly, appellant here. Summons was also issued to Mary Daly, wife of James H. Daly.

Notice by publication was given to the non-resident defendants and summonses were served on all the other defendants. The defendants therein included the appellant and all of the appellees herein.

The Porter Circuit Court, which court had jurisdiction by reason of change of venue from Lake County, heard the evidence and entered a judgment in favor of the plaintiff, Mann, who at a sheriff's sale had on May 22, 1935, purchased the property herein involved and a sheriff's deed therefor was issued to him on May 23, 1936, since none of the defendants in the foreclosure proceeding redeemed the said real estate during the year of redemption.

The only question in this appeal is who was entitled to the real estate herein by reason of a trust. It appears that the mortgage foreclosed existed for many years prior to the bringing of the action upon which this appeal is predicated and that none of the parties to this appeal, by reason of such foreclosure suit, sheriff's sale and deed have any right, title or interest in or to the real estate in controversy and a decision on the merits of this appeal will make no possible difference what their respective rights may have been at the time judgment in this case was entered in the trial court, therefore, the question herein is now moot and on authority of *Kieselbach* v. *Feuer* (1915), 185 Ind. 582, 109 N. E. 842, this cause is dismissed and it is so ordered.

Curtis, J., not participating.