DIVISION OF LABOR OF DEPARTMENT OF COMMERCE AND
INDUSTRIES ET AL. *v.* INDIANAPOLIS NEWS
PUBLISHING COMPANY

[No. 16,489. Filed March 25, 1941.]

*Omer Stokes Jackson,* Attorney General, and *Thomas W. Longfellow,* Deputy Attorney General, for appellants.

*William H. Thompson* and *Patrick J. Smith,* both of Indianapolis, for appellee.

CURTIS, C. J.—The appellee has filed its verified motion to dismiss this appeal on the ground that the questions presented for decision have become moot and in support of said motion shows this court: That the appellee filed its complaint in the Marion Superior Court, Room No. 3, which was thereafter amended, asking for a declaratory judgment and injunction, which complaint as amended was in three paragraphs. Appellants demurred to each of said three paragraphs;

that the appellants' demurrer was sustained as to the second paragraph, and overruled as to the first and third paragraphs; that the appellants refused to plead over, but elected to stand upon their demurrer to the first and third paragraphs, and appellee elected to stand upon its second paragraph, but on appeal made no assignment of cross-errors; and that the court rendered the following judgment:

"(1)   That Section 18 of Chapter 132 of the Acts of the Indiana General Assembly for the year 1921, as amended by Section 1 of Chapter 76 of the Acts of the Indiana General Assembly for the year 1929, and Section 19 of Chapter 132 of the Acts of the Indiana General Assembly for the year 1921 as amended by Section 2 of Chapter 76 of the Acts of the Indiana General Assembly for the year 1929, do not apply to the sale of newspapers by plaintiff to minors, which sale is made pursuant to the terms of the written contract set out in plaintiff's complaint and that such minors are independent contractors and are neither employees of plaintiff nor permitted to work by plaintiff in a gainful occupation.

"(2)   That the sale of newspapers by plaintiff to minors under circumstances alleged in plaintiff's complaint is not in violation of any Indiana statute and that plaintiff has the right to make such sales without interference or molestation from any of said defendants.

"(3)   That neither Sections 18 or 19 of Chapter 132 of the Acts of the Indiana General Assembly for the year 1921 as amended by Sections 1 and 2 of the Acts of the Indiana General Assembly for the year 1929 violate any provision of the Fourteenth Amendment to the Constitution of the United States but on the contrary, said sections are valid, but are inapplicable to the sale by plaintiff of its newspapers to minors under the circumstances alleged in plaintiff's complaint.

"(4)   And said defendants are hereby PERPETUALLY ENJOINED AND RESTRAINED from enforcing against plaintiff the provisions of Section 18 and 19 of Chapter 132, of the Acts of

the Indiana General Assembly for the year 1921, as amended by Sections 1 and 2 of the Acts of the Indiana General Assembly for the year 1921, so as to prevent plaintiff selling newspapers to minors and from interfering with plaintiff in its business of contracting with such newspaper carriers who are minors for the sale of its papers to them.

"(5) That the plaintiff have and recover from defendants the costs of this action taxed at $____."

That the appellants perfected an appeal and relied upon two assignments of error for reversal, viz:

(1) That the court erred in overruling appellants' motion to strike out parts of appellee's complaint.

(2) The court erred in overruling appellants' separate and several demurrer to the first and third paragraphs of appellee's amended complaint.

The only substantial question involved in this appeal, concerns the construction and interpretation of section 18, ch. 132 of the Acts of 1921, as amended, annotated as § 28-518, Burns' 1933. This section is here set out:

"No minor under the age of fourteen (14) years shall be employed or permitted to work in any gainful occupation other than farm labor or domestic service, or as a caddie to any person or persons who are engaged in playing the game of golf. It shall be unlawful for any person, firm or corporation to employ or permit any minor to work in any occupation or service whatsoever during any of the hours when the common schools of the school corporation in which such minor resides are in session, contrary to the provisions of section 6 (sec. 28-506) of this act."

In brief, this court is asked to decide whether or not newsboys under the prescribed age of fourteen years, may be employed as news-carriers during school hours.

The appellee's motion to dismiss set out that the Governor of Indiana, on February 20, 1941, approved

House Enrolled Act No. 84, which, among other things, amended said section 18, ch. 132 of the 1921 Act above referred to, to except newspaper carriers from the provisions of the act. This act carried an emergency clause and is now, therefore, enacted into law.

In view of the said action of the General Assembly and the consequent enactment into law of House Enrolled Act No. 84, we agree with the appellee that the questions sought to be raised by this appeal have now become moot. There being no question of general public interest involved, the appeal should be dismissed. See: *Fox* v. *Holman* (1933), 95 Ind. App. 598, 184 N. E. 194; *Riley, Clerk* v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843; *Bell* v. *Buescher Band Instrument Co.* (1930), 202 Ind. 12, 171 N. E. 377.

Appeal dismissed.

NOTE.—Reported in 32 N. E. (2d) 722.