CITY OF BLOOMINGTON *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF MONROE ET AL.

[No. 28,763. Filed June 4, 1951.]

*Mellen & Mellen,* of Bedford, for appellants.

*James R. Regester,* City Attorney; and *Hickam & Hickham,* of Spencer, for the City of Bloomington.

EMMERT, J.—This is an appeal by Lewis E. McClung, Gertie McClung, Olin McCoy and Alta McCoy, from a judgment of the trial court in favor of the City of Bloomington. The appellants have failed to comply with Rule 2-6 as to the title of the assignment of errors.[1] But since the rule provides, "Failure properly to name parties will not be treated as jurisdictional," we will dispose of the appeal without requiring its amendment.

The City of Bloomington on May 17, 1950, commenced an action in the trial court seeking permission to acquire by purchase certain real estate in Benton and Bloomington Townships of Monroe County, to be used in the development of the city's water supply system, in compliance with §§ 48-2011 to 48-2017, Burns' 1950 Replacement (Ch. 369 of the 1947 Acts). On October 18, 1950, the trial court entered is finding and judgment for the City of Bloomington granting it permission to acquire by purchase the real estate for the development of its water supply system.

The City of Bloomington has filed its motion to dismiss the appeal for the reason that Ch. 369 of the 1947 Acts, §§ 48-2011 to 48-2017, Burns' 1950 Replacement, was repealed by Ch. 107 of the 1951 Acts (H. B. No. 132). This repealing act, by reason of its emergency clause, became effective on its approval March

---

[1] "In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees." Rule 2-6, Supreme Court of Indiana.

1, 1951.[2] The appellants have filed no brief in answer to appellees' original brief on the motion to dismiss, and no question is presented as to the constitutional authority of the General Assembly to repeal Ch. 369 of the 1947 Acts after a judgment had been entered pursuant to the provisions thereof, nor is there any contention here presented that the repeal deprives them of any contract or vested property right.

The rights which the appellants assert on appeal are creatures of the statute which has now been repealed with no savings clause as to them. The repeal of Ch. 369 of the 1947 Acts removed the subject matter of the controversy. The appeal here has become moot. *Bullock* v. *Jameson* (1915), 183 Ind. 81, 108 N. E. 231; *Riley* v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843; *Keller, Mayor* v. *Rewers* (1921), 189 Ind. 339, 127 N. E. 149; *Division of Labor, etc.* v. *Indianapolis News Pub. Co.* (1941), 109 Ind. App. 88, 32 N. E. 2d 722. An appeal will not be entertained for the sole purpose of determining the question of costs. *State ex rel. Gregory* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140; *Riley* v. *Bell, supra; Bd. of Finance of Town of Brook* v. *Spangler* (1934), 99 Ind. App. 702, 192 N. E. 719.

The appeal is dismissed.

NOTE.—Reported in 99 N. E. 2d 79.

---

[2] "Section 1. The act entitled 'An Act concerning municipal corporations and the acquisition of land or property by such corporations and dealing with land and property or territory or the acquisition of such territory lying within other corporations, and declaring an emergency,' approved March 14, 1947 is hereby repealed.

"Section 2. Title to all real estate taken or acquired without compliance with the above entitled act or defective only on account of the passage of said act, shall be, and the same is hereby validated." Ch. 107, Acts 1951.