MILLER, ET AL. *v.* KANKAKEE AND PINE CREEK
DRAINAGE ASSOCIATION, ET AL.

[No. 29,005.   Filed June 16, 1953.]

*Alfred J. Link, Frederick H. Link,* of LaPorte, and
*Albert B. Chipman,* of Plymouth, for appellants.

*Parker & Parker* and *Hammerschmidt & Johnson,*
all of South Bend, for appellees.

BOBBITT, C. J.—This action was transferred from
the Appellate Court under §4-214 (Sixth), Burns' 1946
Replacement.

Appellants filed suit in the Marshall Circuit Court
to enjoin appellees from performing a certain contract
for the deepening and widening of a public drainage
ditch in proceedings instituted under ch. 165 of the
Acts of 1913.

On March 27, 1950 a petition was filed with the
Board of County Commissioners of St. Joseph County,

Indiana, for the appointment of appraisers in said proceedings. Said commissioners were subsequently appointed, qualified, and submitted their assessment roll to the proper authorities on July 20, 1950. On September 16, 1950 bids were accepted for the drainage project contemplated in said proceedings and a completed assessment roll was submitted on said day and recorded on September 25, 1950 in the Recorder's office of St. Joseph County.

On September 23, 1950 appellants filed their complaint for injunction. On April 19, 1951 appellants' petition for injunction was denied by the Marshall Circuit Court. Appellants' motion for a new trial was overruled on July 5, 1952, from which ruling an appeal was prosecuted to the Appellate Court. Work on the drain continued and was completed and accepted by the engineers in charge of construction on December 31, 1952.

On January 5, 1953 appellees filed in the Appellate Court a petition to dismiss the appeal. On January 31, 1953 their verified amended motion to dismiss appeal was filed in this court.

Said verified amended motion asserts that "all of the matters, acts, performances and construction sought to be enjoined by plaintiffs' complaint have been fully performed, completed and constructed according to the plans, specifications and profile as contracted to be constructed, and there is nothing left to be done upon which an order of injunction could operate," and that the work to be done was entirely completed and accepted by the proper authorities on December 31, 1952.

On March 9, 1953 we issued against appellants an order to show cause why the appeal herein should not be dismissed on the grounds that the questions raised in said appeal are now moot.

414

On April 22, 1953 appellants filed their answer to the rule to show cause.

Appellants' said answer and brief filed in support thereof admits that the things which they attempted to enjoin appellees from doing have been done, but asserts that this appeal should not be dismissed because it involves a question of general public interest.

It now appears that, because of the completion of the work to be performed under the contract in the drainage proceedings, there is nothing on which an order of injunction could operate. The questions raised in the appeal herein are, therefore, moot, and the motion to dismiss should be sustained. *South Park Floral Co.* v. *Garvey* (1915), 182 Ind. 635, 107 N. E. 68. We do not deem the question of public interest here raised of sufficient importance to justify a denial of appellees' motion to dismiss.

Motion to dismiss is sustained and the appeal herein is dismissed.

Appeal dismissed.

NOTE.—Reported in 112 N. E. 2d 852.