STATE EX REL. NEW YORK CENTRAL RAILROAD COMPANY
v. CIRCUIT COURT OF MARION COUNTY,
NIBLACK, JUDGE.

[No. 29,549. Filed January 28, 1958.]

554

*Baker & Daniels,* of Indianapolis, for relator.
*John L. Niblack, pro se.*

BOBBITT, J.—Relator herein was the appellant in Cause No. 29,493 in this court, on appeal from an adverse judgment in an action in the Hendricks Circuit Court wherein relator sought to vacate and enjoin enforcement of an order of the Public Service Commission of Indiana under the provisions of Acts 1929, ch. 169, §1, p. 530, being §54-429, Burns' 1951 Replacement.

While such appeal was pending the Public Service Commission of Indiana filed an action in the Marion Circuit Court for a mandatory injunction under the provisions of Acts 1907, ch. 241, §17, p. 454, being §55-127, Burns' 1951 Replacement, requiring relator to comply with its order which had been sustained by the Hendricks Circuit Court and which was the subject of the appeal then pending in this court.

Relator then filed its petition herein requesting a temporary and permanent writ of prohibition to re-

strain the Marion Circuit Court and the judge thereof, from proceeding further in the action there filed by the Public Service Commission of Indiana under §55-127, *supra,* until the final determination of the appeal then pending in this court; and alleging as ground therefor that the Marion Circuit Court was wholly without jurisdiction to proceed with the enforcement of the order of the Public Service Commission of Indiana, the validity of which was in the process of being determined in the appeal from the judgment of the Hendricks Circuit Court.

We issued a temporary writ.

The appeal No. 29493 has now been finally determined (147 N. E. 2d 547). Hence, the question of the jurisdiction of the Marion Circuit Court to act upon the petition of the Public Service Commission of Indiana filed under §55-127, *supra,* while the appeal from the judgment of the Hendricks Circuit Court involving the same commission order was pending in this court, is now moot.

A moot question will not be decided by this court unless it involves a matter of great public interest, or it affects the public generally. *C. & E. I. R. R. Co.* v. *Pub. Serv. Comm., etc. et al.* (1956), 235 Ind. 387, 390, 134 N. E. 2d 55. The question here presented does neither.

The temporary writ heretofore issued will, therefore, be dissolved and a permanent writ denied.

Temporary writ dissolved and permanent writ denied.

Emmert, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 147 N. E. 2d 554.