GARDNER, AS AUDITOR ETC. *v.* GRILLS.

[No. 30,050. Filed June 27, 1961.]

*Edwin K. Steers,* Attorney General and *Frank E. Spencer,* Deputy Attorney General, for appellant.
*Nelson G. Grills,* of Indianapolis, *pro se.*

PER CURIAM.—Appellee brought this suit as a duly elected and legally acting member of the State Senate, and as a taxpayer and citizen of the State of Indiana, to enjoin defendant, Auditor of the State of Indiana, from "allowing, auditing or countersigning every demand and claim presented for payment which arises out of any action taken by the State Budget Committee."

The complaint alleges that two duly elected and acting members of the State Senate and two duly elected and acting members of the House of Representatives of the State of Indiana, together with the State Budget Director, are purporting to act as the State Budget Committee; that on January 20, 1960, such committee authorized the expenditures of State funds and approved increases in the salaries of State employees under the terms of a statue[1] which permitted the State Budget Committee and the Governor to establish classifications and schedules for fixing salaries and wages of all classes of State employees; that the State Budget Committee

---

1. Acts 1941, ch. 106; Acts 1947, ch. 280.

has approved additions to appropriations made by the General Assembly for State agencies; and "[t]hat any claim or demand presented for payment arising out of the action of the purported State Budget Committee on January 20, 1960, is an illegal claim for the reason that a majority of the members of the State Budget Committee are members of the legislature, and the State Budget Committee is a department of the executive branch of the government and such membership is in violation of the provisions of Article III, Section I of the Constitution of Indiana because it attempts to confer executive administrative duties upon members of the legislature."

After hearing evidence and arguments of counsel, the trial court found that that part of the Budget Committee Act which provides for the appointment of members of the Legislature to serve on the Budget Committee is unconstitutional and, on September 27, 1960, permanently enjoined the Auditor of State "from allowing, auditing, counter-signing and paying any demand, claim, or voucher presented for payment arising out of any *future* action taken by the State Budget Committee of the State of Indiana, as it is now constituted, from this day henceforth."

The case was argued in this court on June 7, 1961, at which time appellant filed motion to transfer to the Appellate Court asserting that this cause had been incorrectly filed in this court and should be transferred to the Appellate Court because the question of constitutionality on which our jurisdiction allegedly depends is not properly presented. We disagree with appellant, but deem it unnecessary to extend this opinion by stating the reasons the mo-

tion, in our judgment, is not well taken. Such motion is consequently overruled.

Subsequently, on June 16, 1961, appellee filed herein his verified motion to dismiss and vacate the order of injunction, asserting that the General Assembly, by the enactment of §18, of ch. 123 of the Acts of 1961, specifically repealed ch. 106 of the Acts of 1941, and ch. 280 of the Acts of 1947 (the State Budget Committee Act). The repealing Act contained an emergency clause which made the Act effective on March 6, 1961. Appellee further asserts that the repeal of ch. 106 of the Acts of 1941 and ch. 280 of the Acts of 1947 has rendered moot the question of the constitutionality of the provision of the 1941 State Budget Committee Act providing that it be composed of the budget director and two members from each of the two Houses of the Legislature.

We have verified these allegations contained in appellee's motion and find them to be true.

Appellant has filed written objections to appellee's motion to dismiss which urge this court to decide the case on the merits of the questions presented. This, as will presently appear, we are not inclined to do and for that reason appellant's objections are overruled.

Because of the repeal of the Act under which the injunction herein was issued, there is nothing further to furnish it support and no good purpose can be served by continuing it in force, and because of the temporary writ of mandate and prohibition heretofore issued by this court on October 6, 1960, which forced a stay of execution and enforcement of such injunction, it was ineffective and served no useful purpose from its inception.

This court will dismiss an appeal when it presents only a moot question, unless it involves a matter of great public interest, or one affecting the public generally. *Miller et al.* v. *Kankakee, etc. Drainage Assoc.* (1953), 232 Ind. 412, 414, 112 N. E. 2d 852; *C. & E. I. R. R. Co.* v. *Pub. Ser. Comm. etc. et al.* (1956), 235 Ind. 387, 390, 134 N. E. 2d 55; *City of Aurora* v. *Bryant* (1960), 240 Ind. 492, 165 N. E. 2d 141.

The question of the validity of a Budget Committee Act which has been repealed does not involve a matter of great public interest, nor does it longer affect the public.

For the foregoing reasons appellee's motion to dismiss is sustained; the appeal herein is dismissed; and the trial court is ordered to vacate the modified order and judgment entered in this cause on September 27, 1960, as of that date.

Appeal dismissed with instructions to the trial court to vacate its order of injunction as of the date of entry.

NOTE.—Reported in 175 N. E. 2d 696.