STATE EX REL. KEENER v. NOBLE CIRCUIT COURT
ET AL.

[No. 30,256. Filed January 28, 1963. Rehearing denied
March 18, 1963.]

*Robert Probst* and *Probst & Probst,* of Kendallville, for relator.

*Kenneth A. King, pro se.*

*William N. Salin,* of Fort Wayne, for respondents.

ARTERBURN, J.—The relator has asked for a writ of prohibition and mandate against the Noble Circuit Court to expunge from the record a certain judgment and entry in the case of State ex rel. City of Kendallville, et al. v. Robert C. Moses, Clerk-Treasurer. The latter cause of action was for the purpose of mandating the Clerk-Treasurer to pay out a sum of money for the purpose of purchasing certain land for off-street parking use. We issued a temporary writ prohibiting the execution of the mandate.

The return now filed by the respondent court in this matter shows first, that there was no compliance with Rule 2-35 of this court, which requires that the want or lack of jurisdiction of the trial court be presented to the trial court prior to the bringing of the action in this court. It is urged, however, as an excuse for noncompliance, that the relator was not a party to the action in the trial court. There is no showing that the relator, not being a party, asked to intervene for the purposes of presenting to the trial court its want or excess of jurisdiction. At least such an attempt should have been made to present the matter to the trial court. Even

if rejected, this would have met the requirements of the rule. We have stated previously that there is substantial merit in the requirement provided in Rule 2-35. The trial court should be fully apprised of the contention of the relator that it has exceeded its jurisdiction and should be given an opportunity to correct its action, if erroneous, before a complaining party comes to this court for relief. *State ex rel. Brennan* v. *Superior Court, etc.* (1960), 240 Ind. 446, 166 N. E. 2d 336.

There is still another reason why the permanent writ must be denied. It is shown in the return that prior to the bringing of the action in this court the Clerk-Treasurer had already complied with the mandate of the trial court and paid out the money. Since the relief sought here by this court's issuance of a permanent writ is, therefore, not obtainable, any action by this court being futile, the question raised by the relator's petition, i.e., whether the Noble Circuit Court had jurisdiction of the mandate action, is now moot. Whether or not, if the clerk wrongfully paid the money out, there would be any other remedy available is not before us for consideration.

For each of the reasons stated, the temporary writ heretofore issued is vacated, set aside, and held for naught, and the permanent writ is denied.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 187 N. E. 2d 365.