STATE OF INDIANA *v.* ROGER VORE, ROBERT DURKIN AND EDWARD KELWASKI.

[No. 277S105. Filed May 3, 1978.]

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellant.

*Barrie C. Tremper,* of Fort Wayne, for appellees.

DeBruler, J.—Appellees, defendants below, were charged with misdemeanor violations of the Indiana Obscenity Statute of 1975, Ind. Code §§ 35-30-10.1-1 to -8 (Burns 1975), for having run a movie entitled "Fly Me" at a theater in Fort Wayne, Indiana. They filed a motion to dismiss the information contending that such statute was constitutionally infirm in that in Section 4(b), Ind. Code § 35-30-10.1-4(b), it exempted various enumerated institutions and individuals from prosecution, thereby creating a statutory classification which was violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

The trial court, basing its decision primarily upon this Court's opinion in *Fairchild* v. *Schanke*, (1953) 232 Ind. 480, 113 N.E.2d 159, granted the motion, concluding that Section 4(b) was invalid as contended, that Section 4(b) was non-severable from the remaining portions of the statute, and that the entire obscenity statute was invalid. The State brought this appeal from that order directly to this Court. Ind. R. Ap. P. 4(A)(8).

We take judicial notice that pending this appeal the obscenity statute involved here was amended by the General Assembly by deleting Section 4(b) in its entirety. 1977 Ind. Acts, Public Law No. 335, Section 19. This amendment took effect on October 1, 1977. 1977 Ind. Acts, Public Law No. 335, Section 23. In light of this amendment and the record before us, the issue of whether or not the question raised in this appeal remains viable for decision, presents itself. Whether we should address ourselves to this question is a prerequisite question which must first be considered. No motion to dismiss has been interposed by either party to this appeal on the basis of this amendment and there is no assessment of its impact upon this appeal in the briefs before us. This is understandable in light of the fact that briefing was completed prior to the effective date of the amendment. We are reluctant to consider any issue without having the views of counsel before us. However, we are

moved in the opposite direction because on the merits we are asked to make a definitive constitutional decision on the validity of a state statute. *Board of Commissioners of the County of Howard, Indiana* v. *Kokomo City Plan Commission,* (1975) 263 Ind. 282, 330 N.E.2d 92. Case law supports the existence of inherent judicial authority in the court to raise and address the issue of mootness on its own motion where the record is clear. *Gierhart, etc.* v. *State,* (1962) 243 Ind. 553, 186 N.E.2d 680; *Cox* v. *State ex rel. Bayt, etc.,* (1959) 240 Ind. 359, 165 N.E.2d 140; *State ex rel. N.Y.C.R.R. Co.* v. *Cir. Court of Marion County,* (1958) 237 Ind. 553, 147 N.E. 2d 554. The record is clear here and we now consider the issue.

The general rule is that legal questions which have become moot will not be decided by appellate courts unless they involve matters of great public interest or affecting the public generally. *Gardner, Auditor* v. *Grills,* (1961) 242 Ind. 29, 175 N.E.2d 696. Appeals involving only such issues will be dismissed. Moot questions have been characterized as purely hypothetical, abstract, academic, and involving no subject matter upon which the court's judgment might operate. *State ex rel. Keener* v. *Noble Circuit Court,* (1962) 243 Ind. 553, 187 N.E.2d 365; *State ex rel. Gregory* v. *Boyd,* (1909) 172 Ind. 196, 87 N.E. 140. Dismissal is deemed appropriate where the party appealing loses or abandons its actual interest or rights involved in the appeal. *Stauffer et al.* v. *The Salimonie Mining & Gas Company,* (1896) 147 Ind. 71, 46 N.E. 342; *State ex rel. Gregory* v. *Boyd, supra; Riley, Clerk* v. *Bell,* (1915) 184 Ind. 110, 109 N.E. 843.

The question presented by appellant in the case before us is confined to determining whether the trial court correctly found the exemption section, Section 4(b) to be invalid under the Equal Protection Clause. The question does not encompass a discrete challenge to the non-severability determination or extend to any other

matter. The actual interest of the State presented by this appeal is in maintaining the obscenity statute with the exemption provision intact. When the General Assembly deleted that very provision by amendment, the interest and right which the State sought to preserve by this appeal ceased to exist. The only question presented by this appeal is therefore moot. Dismissal of this appeal must therefore follow unless the question involves a matter of great public interest. The Legislature by deleting the exemption provision has concluded that the public interest will be served by the statute *sans* the exemption of specific persons. We, therefore, find no public interest in the question of whether that body could constitutionally do otherwise.

The appeal is dismissed.

Hunter and Prentice, JJ., concur; Pivarnik, J. dissents with opinion in which Givan, C.J., concurs.

### DISSENTING OPINION

PIVARNIK, J.—I cannot agree with the majority's conclusion that a moot question remains before this court by action of the General Assembly in passing Public Law 335, Section 19, effective October 1, 1977. After finding section 4(b) of Ind. Code § 35-30-10.1-1 *et seq.* (Burns 1975), constitutionally invalid, the trial court expressly found that 4(b) was not severable from the other portions of the Act. In so doing, the trial court in his order used a test urged by the defendant as follows:

> "[T]he test of severability is whether the legislature would have passed the statute had it been presented without the invalid feature."

If we are to take judicial notice that pending this appeal the General Assembly did in fact pass this statute without section 4(b), it then removes the severability question from our consideration because the General Assembly has in fact severed this section from the statute.

The question still remains whether or not the state can now proceed to prosecute these individuals, which prosecution the trial court prevented by its dismissal, if we hold that section 4(b) can be severed from the rest of the statute. The state urges that these defendants could still be prosecuted under this chapter with section 4(b) severed, inasmuch as section 4(a) provides that it shall be a defense that the matter was distributed or that the performance was performed for legitimate scientific or educational purposes, and section 4(b) only attempts to list those individuals or institutions which would be presumed to be distributing or performing for those purposes.

It appears to me that the state's distinction of *Fairchild* v. *Schanke,* (1953) 232 Ind. 480, 113 N.E.2d 159, from the present situation is sound. The state has argued that the instant case can be distinguished from *Fairchild* for at least three reasons. First, the *Fairchild* court was construing a statute dealing with "gambling," a term that is easily defined in both the statute and pertinent case law. In the present case the court is interpreting a statute dealing with "obscenity," a term which even the United States Supreme Court has a great deal of difficulty defining. Second, in *Fairchild* it was quite obvious that if the exempted organization were allowed to conduct gambling activities, the activities would have been identical to the activities of "professional" gamblers. In the situation at hand there is an obvious difference between exhibiting material which appeals to the prurient interest and taken as a whole lacks serious literary, artistic, political or scientific value and which depicts in a patently offensive way sexual conduct for profit, and a film used by a medical school instructor or physician to study sexual disability. Further, in the present case the class of exemptions provided in the statute covers only groups which exist for a specific purpose, such as museums, schools, churches, medical clinics, doctors, and public libraries. Also exempted were organizations supported in whole or in part by publically do-

nated funds. These organizations are subject to strict regulation in regard to their purpose.

In sum, I believe that we could reverse the trial court in its dismissal order, so that this matter could be presented to a jury at the trial level and a determination made there.

Givan, C.J., concurs.

NOTE.—Reported at 375 N.E.2d 205.